THE STATE, EX REL. PLAIN DEALER PUBLISHING COMPANY, *v.*
HAMILTON COUNTY COURT OF COMMON PLEAS ET AL.

[Cite as State, ex rel. Plain Dealer Publishing Co., *v.*
Hamilton Cty. Court of Common Pleas (1989), 44 Ohio St. 3d 602.]

(No. 89-1092—Submitted June 23, 1989—Decided June 23, 1989.)

*Baker & Hostetler, Louis A. Colombo, David L. Marburger, Thomas A. Helper* and *Michael K. Farrell,* for relator.

MOYER, C.J., SWEENEY, WRIGHT and H. BROWN, JJ., concur.

HOLMES, J., dissents on the merits because he would deny the writs.

DOUGLAS and RESNICK, JJ., dissent.

DOUGLAS, J., dissenting. The matter before us, scheduled on an emergency basis, involves a request by the Plain Dealer Publishing Company for release of a report, prepared for the Commissioner of Baseball, which concerns allegations made against Pete Rose, manager of the Cincinnati Reds baseball team. By letter of June 23, 1989, counsel for the Cincinnati Enquirer advised the court that the Enquirer "* * * supports and joins in the request for relief submitted on behalf of The Plain Dealer Publishing Company * * *."

Pete Rose has sued the Commissioner of Baseball and others in the Court of Common Pleas of Hamilton County. During the proceedings, on June 22, 1989, the report in question was introduced into evidence by lawyers for Rose. Attorneys for the baseball commissioner asked that the public be given access to the report. Rose's lawyers did not object. However, the trial judge refused to release the report and sealed its contents. Witnesses for both sides made reference to the report in their testimony. The trial judge gave no reason for sealing the report.

It is clear, and one need not be a judge in this state to take notice, that the report in question really constitutes the whole case for and against Rose. The rumors, innuendos, speculations, and damage being done to all parties can best be laid to rest by the public having access to this part of the official court proceedings. This case presents us with the clear reason why the right of the press under the First Amendment is not just limited to the printing of the news — it also includes the right to *gather* the news. Such is the reason the law appears to be clear

on this subject. Because a majority of this court does not follow that law, I must dissent.

As recently as 1985, this court, in *State, ex rel. Mothers Against Drunk Drivers,* v. *Gosser* (1985), 20 Ohio St. 3d 30, 20 OBR 279, 485 N.E. 2d 706, at paragraph one of the syllabus, held: "Any *document* appertaining to * * * the proceedings of a court * * * is a 'public record' * * * within the meaning of R.C. 149.43. Absent any specific statutory exclusion, such record *must* be made available for public inspection." (Emphasis added.)

There is no argument that the document in question is not covered by any of the specific statutory exclusions. Accordingly, the report should be released.

Further, in *State, ex rel. The Repository,* v. *Unger* (1980), 28 Ohio St. 3d 418, 419, 20 OBR 472, 473, 504 N.E. 2d 37, 39, we indicated that a newspaper has standing to seek a writ of prohibition to prevent its being excluded from pretrial hearings. It follows that this would also include the actual trial — and the evidence submitted therein. The report should be released.

Finally, in sealing a record a trial court must make specific findings to support the decision to seal. "* * * If the trial court finds a sufficient interest to support closure, this interest must be '* * * articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered. * * *' *Press-Enterprise Co.* v. *Superior Court, supra* (464 U.S.), at 510." *State, ex rel. The Repository, supra,* at 422, 28 OBR at 475, 504 N.E. 2d at 40. No such findings were made or given here. The report should be released.

Accordingly, I would grant peremptory writs of mandamus and prohibition ordering release of the report in question so as to allow the "people's right to know" to be unabridged.

I dissent.

RESNICK, J., concurs in the foregoing dissenting opinion.