[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 477.]

SOLTESIZ, APPELLANT *v*. TRACY, TAX COMMR., APPELLEE.

[Cite as *Soltesiz v. Tracy*, 1996-Ohio-150.]

*Taxation—Income tax—Former R.C. 5747.07(F), now R.C. 5747.07(G), imposes personal liability for penalties and interest owed by the corporation upon the employee responsible for filing the report and paying the employee withholding tax.*

———————————

Former R.C. 5747.07(F), now R.C. 5747.07(G), is clear and unambiguous and imposes personal liability upon the responsible employee for the consequences of failing to file the employer's tax report or failing to remit the employee withholding tax. Accordingly, the responsible employee is personally liable for the taxes, the penalty, and the interest accrued.

———————————

(No. 94-1444—Submitted February 6, 1996—Decided May 22, 1996.)

APPEAL from the Board of Tax Appeals, Nos. 92-R-1569 through 92-R-1572.

———————————

{¶ 1} On November 28, 1990, the Ohio Department of Taxation issued an assessment against P.T.M., Inc., an Ohio Corporation, for unpaid employee withholding tax. The Department of Taxation also assessed against P.T.M., Inc. penalties and interest accrued pursuant to R.C. 5747.07 and 5747.15. On February 5, 1991, the Department of Taxation personally assessed the unpaid employee withholding tax against appellant, Joseph R. Soltesiz, Sr., the officer of P.T.M., Inc. who was responsible for filing the tax report and for making the tax payments.

{¶ 2} On April 12, 1991, appellant petitioned the Department of Taxation for a reassessment of the penalties and interest owed. On November 24, 1992,

Roger W. Tracy, the Tax Commissioner of Ohio, affirmed the assessment of taxes, penalties, and interest against appellant. On June 10, 1994, the Board of Tax Appeals affirmed the decision of the Tax Commissioner.

{¶ 3} The cause is now before this court pursuant to an appeal of right.

————————————

*Dettelbach, Sicherman & Baumgart*, *Jerome Leiken* and *Michael D. Zaverton,* for appellant.

*Betty D. Montgomery*, Attorney General, and *Janyce C. Katz*, Assistant Attorney General, for appellee.

————————————

**ALICE ROBIE RESNICK, J.**

{¶ 4} The issue presented by this case is whether former R.C. 5747.07(F), now R.C. 5747.07(G),[1] imposes personal liability for penalties and interest owed by the corporation upon the employee responsible for filing the report and paying the employee withholding tax. R.C. 5747.06 requires that all employers withhold from their employees' compensation an amount substantially equivalent to the income tax reasonably estimated to be due from the employees. Employers are required to file a return and pay the tax withheld according to the schedule set forth in R.C. 5747.07(B). R.C. 5747.07(G) imposes personal liability upon the employee responsible for filing the tax report and making the tax payments:

"An employee of a corporation, limited liability company, or business trust having control or supervision of or charged with the responsibility of filing the report and making payment, or an officer, member, manager, or trustee of a

————————————

1. At the time that appellee issued the assessment against appellant, the statute imposing personal liability upon the responsible employee was set forth in R.C. 5747.07(F). The General Assembly revised R.C. 5747.07, effective July 22, 1994. R.C. 5747.07(G), with minor additions, now contains the identical provision governing personal assessments against responsible employees. For purposes of this decision and opinion, we will refer to the provision as R.C. 5747.07(G), the current section.

corporation, limited liability company, or business trust who is responsible for the execution of the corporation's, limited liability company's, or business trust's fiscal responsibilities, shall be personally liable for failure to file the report or pay the tax due as required by this section. The dissolution, termination, or bankruptcy of a corporation, limited liability company, or business trust does not discharge a responsible officer's, member's, manager's, employee's, or trustee's liability for a failure of the corporation, limited liability company, or business trust to file returns or pay tax due."

{¶ 5} Appellant does not contest that he, as chief executive officer of P.T.M., Inc., is the employee responsible for the filing of the tax returns and making the payments. He does not dispute that pursuant to R.C. 5747.07(G), he is derivatively liable for the tax itself. He does however contend that the statute does not impose upon him derivative liability for the penalties and interest assessed against the corporation. Both the Tax Commissioner and the Ohio Board of Tax Appeals found that appellant is derivatively liable for the penalties and interest as well as the tax.

{¶ 6} Appellant asserts that because R.C. 5747.07(G) imposes personal liability solely for the "failure to file the report or pay the tax due," the liability necessarily excludes the penalties and the interest. Appellant points out that when the General Assembly refers to the imposition of penalties and interest, it specifically denotes them as such. See, *e.g.*, R.C. 5747.06(D), former 5747.07(E)(5) (now 5747.07[F][5]), 5747.08(G), 5747.12, and 5747.15. He argues, therefore, that the lack of such specific denotation in R.C. 5747.07(G) implies that the General Assembly did not wish to impose these fees upon the responsible employee.

{¶ 7} On the contrary, appellee asserts, as the board and the commissioner determined, that because R.C. 5747.07(G) states that the responsible employee

3

"shall be personally liable for *failure* to file the report or pay the tax due," the statute imposes personal liability for the penalties and interest assessed as well as the tax. (Emphasis added.) The board and the commissioner determined that the consequence of *failing* to file the report and pay the tax is the imposition of penalties and interest, and thus liability for "failure" necessarily includes those added assessments.

{¶ 8} When a statute is clear and unambiguous in its terms, we must apply the statute, not interpret it. *Storer Communications, Inc. v. Limbach* (1988), 37 Ohio St.3d 193, 194, 525 N.E.2d 466, 467. R.C. 5747.07(G) imposes personal liability upon the responsible employee for either (1) the employer-corporation's failure to file the employee withholding tax report, or (2) the employer-corporation's failure to pay the tax due. An employer-corporation that fails to file a tax report is liable for a monetary penalty. R.C. 5747.15(A)(1). An employer-corporation that fails to pay the tax due under R.C. Chapter 5747 or fails to remit the tax withheld from its employees is liable for interest, R.C. 5747.07(F)(5), and a monetary penalty, R.C. 5747.15(A)(3) and (4). The employer failing to remit taxes is also criminally liable. R.C. 5747.99(A).

{¶ 9} Accordingly, when an employer-corporation fails to either (1) file a tax return or (2) remit the withheld taxes owed, it is liable for the taxes, the penalty, and the interest accrued. Former R.C. 5747.07(F), now R.C. 5747.07(G), is clear and unambiguous and imposes personal liability upon the responsible employee for the consequences of failing to file the employer's tax report or failing to remit the employee withholding tax. Accordingly, the responsible employee is personally liable for the taxes, the penalty, and the interest accrued.

{¶ 10} The decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS and COOK, JJ., CONCUR.

PETREE, F.E. SWEENEY and PFEIFER, JJ., dissent.

4

CHARLES R. PETREE, J., of the Tenth Appellate District, sitting for WRIGHT, J.

_____

**PETREE, J., dissenting.**

{¶ 11} Being unable to concur in the conclusion reached by the majority, I must respectfully dissent.

{¶ 12} This cause involves the construction of a state statute in the area of income tax withholding. R.C. 5747.07(G) imposes liability upon a responsible corporate officer or employee for failure to pay or file a report of taxes withheld, as follows:

"An employee of a corporation, limited liability company, or business trust having control or supervision of or charged with the responsibility of filing the report and making payment, or an officer, member, manager, or trustee of a corporation, limited liability company, or business trust who is responsible for the execution of the corporation's, limited liability company's, or business trust's fiscal responsibilities, *shall be personally liable for failure to file the report or pay the tax due as required by this section*. The dissolution, termination, or bankruptcy of a corporation, limited liability company, or business trust does not discharge a responsible officer's, member's, manager's, employee's, or trustee's liability for a failure of the corporation, limited liability company, or business trust to *file returns or pay tax due*." (Emphasis added.)

"Strict construction of taxing statutes is required, and any doubt must be resolved in favor of the citizen upon whom or the property upon which the burden is sought to be imposed." *Gulf Oil Corp. v. Kosydor* (1975), 44 Ohio St.3d 208, 73 O.O.2d 507, 339 N.E.2d 820, paragraph one of the syllabus. When faced with the General Assembly's use of ambiguous language, this court must opt for the meaning that favors the taxpayer. *Storer Communications, Inc. v. Limbach* (1988), 37 Ohio St.3d 193, 195, 525 N.E.2d 466, 468.

**{¶ 13}** This statute does not expressly state that the responsible corporate officer is liable for interest and penalties. In an effort to avoid rules of construction which favor appellant, the majority concludes that the phrase "personally liable for failure to file the report or pay the tax due" clearly evidences the General Assembly's intention to impose liability upon the responsible corporate officer for interest and penalties. I disagree.

**{¶ 14}** At a minimum, this court must question whether a statue which was allegedly intended to impose liability upon a responsible party for penalties and interest would omit those specific terms. In my view, the General Assembly could have evidenced its intentions to impose liability upon a responsible corporate officer for interest and penalties by simply inserting the phrase "including penalties and interest" in the wording of the statute. Indeed, that is precisely what the General Assembly did when it enacted another subsection of the same section, pertaining to the liability imposed upon the purchaser of a business. Under R.C. 5747.07(H), liability is imposed upon a successor as follows:

"[H]e shall be personally liable for the payment of taxes, interest, and penalties accrued and unpaid."

**{¶ 15}** It is obvious from the expressed terms of R.C. 5747.07(H) that the General Assembly intended to impose the additional obligation for payment of penalties and interest charges upon a successor. In the case before us, the General Assembly has failed to clearly evidence its intention to place that burden upon the responsible officer. Moreover, it is also obvious from R.C. 5747.07(H) that the terms "tax," "interest," and "penalty" have distinct and different meanings under the state income tax laws. As noted by appellant, when the General Assembly refers to interest and penalties in other provisions of the income tax withholding laws, it employs those specific terms. See R.C. 5747.06(D), 5747.07(F)(5), 5747.08(G), 5747.12 and 5747.15. The General Assembly omitted those terms from R.C. 5747.07(G).

6

**{¶ 16}** The primary duty of this court in construing a statute is to give effect to the intention of the General Assembly, and, in ascertaining that intent, the court's duty is to give effect to the statutory language, not to delete words used or to insert words not used. *Bernardini v. Conneaut Area City School Dist. Bd. of Edn.* (1979), 58 Ohio St.2d 1, 12 O.O.3d 1, 387 N.E.2d 1222; *E. Ohio Gas Co. v. Pub. Util. Comm.* (1988), 39 Ohio St.3d 295, 530 N.E.2d 875.

**{¶ 17}** While I do not question the state's ability to impose liability upon a responsible corporate officer for the payment of penalties and interest in the area of income tax withholding, I do not believe that this court should add words to the statute to accomplish that purpose. If the General Assembly deems it desirable to enact a statute in this area which imposes liability upon a responsible party for penalties and interest, it is free to draft legislation which accomplishes that purpose.

**{¶ 18}** Indeed, when the General Assembly drafted analogous provisions of the state sales tax, it clearly evidenced its intention to impose the obligation for penalties and interest upon the responsible party by expressly including interest and penalties as part of the assessment made against that party. See R.C. 5739.33, 5739.132, and 5739.133. The sales tax laws exemplify the willingness and ability of the General Assembly to draft tax laws which clearly evidence its intention to impose full liability upon the responsible party for taxes, penalties and interest. The General Assembly did not do so in this instance.

**{¶ 19}** Appellee argues that there is no reason to treat a responsible party differently for income tax withholding purposes and sales tax purposes. However, I believe that there is a reasonable justification for the General Assembly's imposing greater liability upon a responsible party in the area of sales tax when one considers the fact that the collection of sales tax is accompanied by a stream of revenue to the seller, the source of which is a third party. In contrast, income tax

withholding occurs when an employer pays wages to his employee, regardless of whether revenue has been generated by the business entity.

{¶ 20} In the final analysis, the possible loss of revenue to the state in those instances where an employer is insolvent is not, in my opinion, sufficient to justify judicial enlargement of R.C. 5747.07(G). For the foregoing reasons, I would sustain appellant's first, second, sixth, seventh and eighth propositions of law, and reverse the decision of the Board of Tax Appeals.

F.E. SWEENEY and PFEIFER, JJ., concur in the foregoing dissenting opinion.

_____