**PARIS HILL LIMITED PARTNERSHIP, Appellee,**

v.

**ERB LUMBER, INC., Appellant, et al.**

[Cite as *Paris Hill L.P. v. Erb Lumber, Inc.* (1998), 133 Ohio App.3d 1.]

Court of Appeals of Ohio,
Third District, Union County.

No. 14–98–27.

Decided Dec. 15, 1998.

*Vorys, Sater, Seymour & Pease, L.L.P., John K. Keller* and *Joseph C. Blasko,* for appellee.

*Stephen E. Klein,* for appellant.

HADLEY, Judge.

This appeal is brought by Erb Lumber, Inc. from a judgment of the Court of Common Pleas of Union County declaring appellant's mechanic's lien invalid.

The facts of this case are as follows. Erb Lumber ("Erb") supplied building materials to Bell Construction ("Bell"), a general contracting company. Bell used these material to construct an apartment complex for Paris Hill Limited Partnership ("Paris Hill"). Pursuant to R.C. 1311.04(A)(1), Paris Hill, as the owner of the new improvement on real property, recorded a notice of commencement ("NOC") in Union County, Ohio, on March 12, 1996. Paris Hill also posted a copy of its NOC in a conspicuous place at the construction site, in accordance with R.C. 1311.04(G)(1). The NOC advised claimants that work was to begin and materials were to be furnished for an improvement to real property and that persons having a mechanic's lien could preserve the lien by filing a notice of furnishing. The NOC listed the name, address, and capacity of the owner of the improvement to real property as:

"PARIS HILL LIMITED PARTNERSHIP, AN OHIO LIMITED PARTNERSHIP

"MT. AIR INVESTMENT COMPANY, AN OHIO CORPORATION, partner

"4770 INDIANOLA AVENUE, SUITE 290

"COLUMBUS, OHIO 43214"

The NOC listed the name and address of the designee of the owner as:

"TIMOTHY P. TREASURE, President

"MT. AIR INVESTMENT COMPANY, AN OHIO CORPORATION

"4770 INDIANOLA AVENUE, SUITE 290

"COLUMBUS, OHIO 43214"

As a subcontractor or materialman furnishing materials for the construction of this improvement to real property, Erb sought to preserve its lien rights by filing a notice of furnishing ("NOF"), pursuant to R.C. 1311.05(A). According to the provisions in R.C. 1311.05(A), Erb was to serve the NOF upon "the owner's * * * designee named in the notice of commencement." Instead, Erb served the NOF to:

"Paris Hill Limited Partnership

"4770 Indianola Avenue, Suite 290

"Columbus, Ohio 43214"

In November 1996, Erb served Paris Hill with an affidavit for mechanic's lien. On September 9, 1997, Paris Hill filed a complaint for declaratory judgment and damages against Erb in the Court of Common Pleas of Union County, alleging that Erb had slandered Paris Hill's title to real property when Erb filed an invalid mechanic's lien against Paris Hill's property. On October 6, 1997, Erb filed an answer and counterclaim in foreclosure, arguing the validity of its lien and requesting payment by Paris Hill of monies due or, alternatively, seeking foreclosure and sale of the property improved. The case proceeded to trial in March 1998. On May 11, 1998, the trial court issued a judgment entry finding Erb's mechanic's lien invalid in that it had not given proper notice under the statute to Paris Hill. On May 27, 1998, the trial court issued a second judgment entry that recorded the jury's finding that the mechanic's lien filed by Erb against Paris Hill was valued at $94,188.20. This entry reiterated the trial court's legal conclusion that Erb's mechanic's lien was invalid.

Erb now appeals this decision, asserting the following assignment of error:

"The trial court erred in the application of R.C. 1311.05(A) by allowing the designee to ignore actual receipt and knowledge of appellant's notice of furnishing."

On appeal, Erb contends that its service of the NOF to Paris Hill rather than Paris Hill's designee, Timothy Treasure, substantially complied with the notice requirements of R.C. 1311.05(A). This is especially true, according to Erb, since Paris Hill and Timothy Treasure share the same business address and it was admitted by Timothy Treasure that he had in fact received Erb's NOF.

Erb refers this court to R.C. 1311.05(B) and Michigan law in support of its contention that substantial compliance is all that is required under R.C. 1311.05(A). Erb further asserts that mechanic's lien laws should be liberally construed so as to secure the beneficial results, intents, and purposes of the laws, pursuant to R.C. 1311.22. Erb also argues a distinction between lien laws

relating to the preservation of lien rights, which Erb claims should be liberally construed, and lien laws relating to the perfection of lien rights, which Erb concedes warrant a strict construction under Ohio precedent.

In this case, we are asked to determine whether a subcontractor or materialman serving an NOF must abide strictly with the statutory language of R.C. 1311.05(A), which requires the NOF to be served on the owner's designee (if stated in the NOC), or whether substantial compliance with the statutory requirements is enough to preserve a lien. It is clear to this court, from reading the plain language of the statute, that R.C. 1311.05(A) requires a subcontractor or materialman to serve an NOF on the owner's designee named in the NOC. No variance in this form of service is acceptable under the statute.

The language in R.C. 1311.05(A) is clear and unequivocal, stating in part:

"[A] subcontractor or materialman who performs labor or work upon or furnishes material in furtherance of an improvement to real property and who wishes to preserve his lien rights *shall serve a notice of furnishing,* if any person has recorded a notice of commencement in accordance with section 1311.04 of the Revised Code, *upon the owner's,* part owner's, or lessee's *designee named in the notice of commencement * * * as named in the notice of commencement * * * and at the address listed in the notice * * *."* (Emphasis added.)

This provision of R.C. 1311.05(A) speaks in mandatory language, employing the term "shall" in reference to serving the NOF upon the owner's designee. " 'In statutory construction, * * * the word "shall" shall be construed as mandatory * * *.' " *Ohio Dept. of Liquor Control v. Sons of Italy Lodge 0917* (1992), 65 Ohio St.3d 532, 534, 605 N.E.2d 368, 370, quoting *Dorrian v. Scioto Conservancy Dist.* (1971), 27 Ohio St.2d 102, 56 O.O.2d 58, 271 N.E.2d 834, paragraph one of the syllabus. This is true unless there appears a clear and unequivocal legislative intent that the word receive a construction other than its ordinary usage. *Id.* There is no indication in R.C. 1311.05(A) that a different usage of the word is intended. Consequently, the legislature has, within the plain language of the statute, mandated that service of an NOF is accomplished when furnished to the designee named in the NOC.

Erb's arguments concerning substantial compliance and the need for liberal interpretation of mechanic's lien laws are misplaced. Citations to legislative history and intent, other statutes, or comparable laws from other states would be helpful to this court if it the statute at issue was ambiguous; however, the provision at issue is clear. See R.C. 1.49; *Slingluff v. Weaver* (1902), 66 Ohio St. 621, 64 N.E. 574, paragraph one of the syllabus. Thus, we must apply R.C. 1311.05(A) as written and not resort to other forms of statutory construction.

R.C. 1.49. In *Slingluff,* the Supreme Court of Ohio explained this well-settled rule of statutory interpretation:

"[T]he intent of the law-makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation. The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact. That body should be held to mean what it has plainly expressed, and hence no room is left for construction." *Id.* at paragraph two of the syllabus.

This rule was further explained in *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101, 105–106, 65 O.O.2d 296, 298, 304 N.E.2d 378, 381:

"It is a cardinal rule that a court must first look to the language of the statute itself to determine the legislative intent. * * * If that inquiry reveals that the statute conveys a meaning which is clear, unequivocal and definite, at that point the interpretative effort is at an end, and the statute must be applied according-ly." (Citations omitted.)

Thus, there is no need for this court to look beyond the statute or to engage in either liberal or strict interpretations of R.C. 1311.05(A). Since we have found the statute is clear and unambiguous in its terms, we must simply give effect or enforce the mandatory language employed in the statute. See *Soltesiz v. Tracy* (1996), 75 Ohio St.3d 477, 479, 663 N.E.2d 1273, 1275–1276; *Carter v. Youngstown Div. of Water* (1946), 146 Ohio St. 203, 32 O.O. 184, 65 N.E.2d 63, paragraph one of the syllabus.

█ Applying the statute to the facts of this case, it is undisputed that Erb's NOF did not comport with statutory requirements in that Erb failed to serve the owner's designee, Timothy Treasure. The fact that the NOF was sent to the correct address and that Timothy Treasure received actual notice of the NOF in no way alters this fact. Erb failed to meet the statutory requirements necessary to preserve its lien rights; consequently, its lien is invalid. For these reasons, we overrule Erb's assignment of error.

Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

EVANS and THOMAS F. BRYANT, JJ., concur.