STORER COMMUNICATIONS, INC., APPELLANT, *v.*
LIMBACH, TAX COMMR., APPELLEE.

[Cite as Storer Communications, Inc. *v.* Limbach (1988), 37 Ohio St. 3d 193.]

(No. 86-1836—Submitted April 5, 1988—Decided June 22, 1988.)

*Walter, Haverfield, Buescher & Chockley, Arthur P. Steinmetz* and *Robert M. Humphrey,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Mark A. Engel* and *Richard C. Farrin,* for appellee.

*Per Curiam.* In this case we consider inclusion of income derived from sales of non-tangible personal property in the sales factor of the three-factor formula set forth in R.C. 5733.05(B)(2)(c). For the reasons stated below, we reverse the decision of the BTA.

Under R.C. 5733.05(B)(2)(c), the sales factor of the three-factor formula is a fraction composed of the taxpayer's business done in Ohio divided by the taxpayer's business done everywhere. The inclusion of sales of non-tangible personal property in business done in Ohio is governed by the following pertinent language of this provision:

"Sales, other than sales of tangible personal property, are in this state if either:

"(i) The income-producing activity is performed in this state;

"(ii) The income-producing activity is performed both within and without this state and a greater proportion of the income-producing activity is performed within this state than in any other state, based on costs of performance. *If the income-producing activity involves the solicitation of a sale, the location of the solicitation shall control.* If the sale is principally solicited by the taxpayer or his agent from an office within Ohio, such activity shall be allocated to Ohio. If the sale is principally solicited by the taxpayer or his agent from an office outside Ohio, such activity shall not be allocated to Ohio." (Emphasis added.)

The BTA adopted appellee's view that the phrase, "if the income-producing activity involves the solicitation of a sale," means, "if the *principal* income-producing activity involves the solicitation of a sale," *i.e.,* the phrase applies to corporations, such as commission sales firms, whose primary "income-producing activity" is the solicitation and making of sales. We hold that the BTA interpreted a clear, unambiguous statute that needed only application.

In *Sears* v. *Weimer* (1944), 143 Ohio St. 312, 28 O.O. 270, 55 N.E. 2d 413, we stated the first rule of statutory construction in paragraph five of the syllabus:

"Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation. An unambiguous statute is to be applied, not interpreted."

We amplified this rule in *State, ex rel. Foster,* v. *Evatt* (1944), 144 Ohio St. 65, 29 O.O. 4, 56 N.E. 2d 265, at paragraphs seven and eight of the syllabus:

"7. Courts have no legislative authority and should not make their office of expounding statutes a cloak for supplying something omitted from an act by the General Assembly. The question is not what did the General Assembly intend to enact, but what is the meaning of that which it did enact. (*Singluff* v. *Weaver,* 66 Ohio St. 621, approved and followed.)

"8. There is no authority under any rule of statutory construction to add to, enlarge, supply, expand, extend or improve the provisions of the statute to meet a situation not provided for."

Statutes clear in their terms need no interpretation; they simply need application. If the inquiry into language of a statute "reveals that the statute conveys a meaning which is clear, unequivocal and definite, at that point the interpretative effort is at an end, and the statute must be applied accordingly." *Provident Bank* v. *Wood* (1973), 36 Ohio St. 2d 101, 105-106, 65 O.O. 2d 296, 298, 304 N.E. 2d 378, 381, citing *Sears* v. *Weimer, supra.*

A reading of the questioned paragraph demonstrates that, if there are sales of non-tangible personal property and if the income-producing activity involves the solicitation of a sale, the location of the solicitation controls. If the solicitation occurs principally within Ohio, the activity shall be allocated to Ohio. If solicitation takes place principally outside Ohio, the activity shall not be allocated to Ohio. The statute is plainly written, and its meaning is clear.

As we view this language, the pivotal word is "involve." Words used in a statute are to be read in context and construed according to the rules of grammar and common usage. R.C.

1.42; see *Youngstown Club* v. *Porterfield* (1970), 21 Ohio St. 2d 83, 86, 50 O.O. 2d 198, 200, 255 N.E. 2d 262, 264.

Webster's Third New International Dictionary, Unabridged (1986) 1191, contains the following definitions for "involve":

"* * * [T]o have within or as a part of itself: CONTAIN, INCLUDE * * * to require as a necessary accompaniment: ENTAIL, IMPLY * * * to engross or occupy fully: ABSORB * * *."

Thus, the taxpayer's income-producing activity could include merely the solicitation of sales or its activity could be absorbed fully by the solicitation of sales. We adopt the first meaning.

When faced with the General Assembly's selection of an inartful word, we must opt for the meaning that favors the taxpayer:

"Strict construction of taxing statutes is required, and any doubt must be resolved in favor of the citizen upon whom or the property upon which the burden is sought to be imposed. (Paragraph one of the syllabus in *Davis* v. *Willoughby*, 173 Ohio St. 338, approved and followed." *Gulf Oil Corp.* v. *Kosydar* (1975), 44 Ohio St. 2d 208, 73 O.O. 2d 507, 339 N.E. 2d 820, paragraph one of the syllabus.

Thus, for sales of non-tangible personal property, where the income-producing activity involves, *i.e.*, includes, the solicitation of a sale, the location of the solicitation controls. See, also, *Miami Valley Broadcasting Corp.* v. *Kosydar* (1976), 48 Ohio St. 2d 10, 2 O.O. 3d 60, 355 N.E. 2d 812.

Since we hold in favor of appellant-taxpayer, we need not review its second proposition of law.

Given our reading of the statute and given the BTA's finding that the solicitation of these sales occurred outside Ohio, the BTA's decision is unlawful and must be reversed.

*Decision reversed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS, J., dissents.