OPINION *Page 2 
{¶ 1} Appellant Marcio A. appeals the November 16, 2007 Judgment Entry entered by the Licking County Court of Common Pleas, Juvenile Division, which adjudicated him a juvenile sex offender subject to statutory registration requirements. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 29, 2005, Appellant appeared before the trial court for arraignment on one count of rape, a felony of the first degree if committed by an adult. On December 14, 2005, Appellant entered an admission to the offense. The trial court accepted his admission, released him to the custody of his parents on house arrest with electronic monitoring, and continued the matter for disposition. Following the dispositional hearing on March 1, 2006, the trial Court committed Appellant to the Department of Youth Services for a minimum period of one year to the maximum of his twenty-first birthday.
 {¶ 3} On June 30, 2007, the Governor of the State of Ohio signed Senate Bill 10 into effect as emergency legislation. Senate Bill 10 is Ohio's version of the Adam Walsh Child Protection and Safety Act of 2006, also known as the Sex Offender Registration and Notification Act, which was passed by the United States Congress on July 27, 2006. The trial court conducted a sexual offender classification hearing relative to Appellant on November 16, 2007. Following the hearing, the trial court classified Appellant as a juvenile sex offender registrant with a duty to register as such pursuant to R.C. 2950.04(A)(2). The trial court advised Appellant about upcoming changes to the sexual offender registration requirements as a result of the enactment of Senate Bill 10, which *Page 3 
would become effective on January 1, 2008. The trial court noted, under the new law, Appellant would be required to register every ninety days for life. The trial court memorialized its ruling via Judgment Entry and Notice of Duties to Register as a Juvenile Sex Offender filed November 16, 2007.
 {¶ 4} It is from this judgment entry Appellant appeals, raising as his sole assignment of error:
 {¶ 5} "I. THE LICKING COUNTY JUVENILE COURT ERRED WHEN IT CLASSIFIED MARCIO A. AS A JUVENILE SEXUAL OFFENDER REGISTRANT BECAUSE AS OF JULY 1, 2007, THERE EXISTED NO STATUTORY AUTHORITY TO CONDUCT A JUVENILE SEX OFFENDER CLASSIFICATION HEARING."
 {¶ 6} Herein, Appellant maintains the trial court erred in classifying him as a juvenile sex offender registrant, explaining the trial court did not have statutory authority to conduct a juvenile sex offender classification hearing on or after July 1, 2007. Appellant argues the former versions of R.C. 2152.02, 2152.83, and 2950.01, which permitted his classification as a juvenile offender registrant, were repealed by Senate Bill 10, effective July 1, 2007, but the amendments thereto were not effective until January 1, 2008; therefore, the trial court did not have statutory authority to classify him on November 16, 2007. We disagree.
 {¶ 7} First, we find Appellant's interpretation is not supported by the plain language of Senate Bill 10. Section 2 of Senate Bill 10 states: "Existing sections * * * 2152.02 * * * 2152.83, and 2950.01 * * * of the revised code are hereby repealed." Section 2 is deemed effective January 1, 2008 by Section 3, which reads: "The *Page 4 
amendments to section * * * 2152.02, * * * 2152.83 * * * 2950.01 * * * of the revised code that are made by Sections 1 and 2 of this act, the enactment of sections 2152.831, 2152.86, 2950.011, 2950.15, and 2950.16
of the revised code by Section 1 of the act and the repeal of sections 2152.811, 2950.021, 2950.09, and 2950.091 of the revised code by section 2 of this act shall take affect on January 1, 2008."
 {¶ 8} "Although Section 4 of Senate Bill 10 makes Sections 1 — 3 effective on July 1, 2007, this does not change the effective date contained in each individual Section for the enactment and repeal of individual provisions." In re Darian J. Smith, Allen App. No. 1-07-58,2008-Ohio-3234 at par. 22. "Therefore, all of the Ohio Revised Code portions repealed in Section 2 were repealed effective January 1, 2008, the same date that the new laws, as articulated in Section 1, became effective. The plain statutory language must control." Id at para 23, citing Storer Communications, Inc. v. Limbach (1988), 37 Ohio St.3d 193,194.
 {¶ 9} Even without the legislature expressly setting forth the repeal and effective dates, we, nonetheless, find Appellant's argument to be without merit. Appellate courts in this State have consistently found the repealing clause of a statute does not take effect until the other provisions of the repealing act come into operation. See, e.g. State v.Hall (February 5, 1986), Lorain App. No. 3883, unreported; Ohio StudentLoan Ass'n v. Drinks (April 22, 1986), Franklin App. No. 85AP-1073, unreported; Arrasmith v. University of Cincinnati (February 16, 1995), Franklin App. No. 94API07-1068, unreported.
 {¶ 10} "Where an act of the General Assembly amends an existing section of the Revised Code * * * postpones the effective date of the amended section for [a time] *Page 5 
after the effective date of the act, and repeals the `existing' section in a standard form of repealing clause used for many years by the General Assembly for the purpose of complying with Section 15(D) of Article II of the Constitution of Ohio, the constitutionally mandated repealing clause must be construed to take effect upon the effective date of the amended section in order to prevent a hiatus in statutory law, during which neither the repealed section nor the amended section is in effect." Cox v. Ohio Dept. of Transportation (1981),67 Ohio St. 2d 501, 508.
 {¶ 11} Based upon the foregoing, we find the trial court had the statutory authority to conduct the juvenile sex offender classification hearing. Appellant's sole assignment of error is overruled.
 {¶ 12} The judgment of the Licking County Court of Common Pleas, Juvenile Division, is affirmed.
Hoffman, P.J., Farmer, J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to Appellant. *Page 1