OPINION *Page 2 
{¶ 1} Appellant, Rodney Carr, appeals from the October 29, 2007, Judgment Entry of the Licking County Court of Common Pleas, Juvenile Division, adjudicating him a juvenile sex offender registrant.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 29, 2004, a complaint was filed in the Licking County Court of Common Pleas, Juvenile Division, alleging that appellant Rodney Carr, D.O.B. 8-7-89, was a delinquent child. The complaint alleged that appellant had committed two counts of rape in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree if committed by an adult and three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), felonies of the first degree if committed by an adult. Appellant was fourteen years of age at the time of the alleged offenses and the victim was his cousin.
 {¶ 3} On October 6, 2004, appellant entered a plea of denial to all of the counts in the complaint. Thereafter, on November 18, 2004, appellant entered an admission to one count of rape and one count of gross sexual imposition. The remaining counts were dismissed upon oral motion of the prosecution. As memorialized in the Judgment Entry filed on November 18, 2004, the final disposition was continued for a period of not more than 45 to 60 days. The trial court, in its Judgment Entry, ordered the probation department to conduct a pre-dispositional report and juvenile sex offender assessment and ordered appellant to submit to a mental evaluation.
 {¶ 4} A dispositional hearing was held on January 14, 2005. At the January 14, 2005, hearing, the trial court, with respect to the count of rape, ordered that appellant be committed to the Ohio Department of Youth Services (DYS) for a minimum of one year *Page 3 
to a maximum period time not exceed age 21. With respect to the count of gross sexual imposition, the trial court committed appellant to DYS for a minimum of six months to a maximum period of time not to exceed age 21. The trial court ordered that the two commitments run consecutively to another. However, the trial court suspended the commitment to DYS and placed appellant on probation under specified terms and conditions. Upon recommendation of the probation department and agreement of the prosecution, the trial court ordered that any sex offender classification be postponed until completion of disposition.
 {¶ 5} A probation review hearing was held on April 28, 2005. The trial court, pursuant to a Judgment Entry filed on April 28, 2005, ordered appellant released from house arrest and ordered that appellant continue on probation or community control.
 {¶ 6} On August 28, 2007, a motion was filed alleging that appellant had violated the terms and conditions of his probation. A hearing was held on September 27, 2007. At the hearing, appellant admitted to violating the terms and conditions of his probation. Pursuant to a Judgment Entry filed on September 27, 2007, the trial court found appellant to be a probation violator and ordered that final disposition of appellant's case be continued for a period of not more than 30 to 45 days.
 {¶ 7} Following a hearing held on October 29, 2007, appellant was adjudicated delinquent of a probation violation. The trial court, at the hearing, classified appellant as a juvenile sex offender registrant and committed appellant to DYS for a minimum period of one year and a maximum term of up to his 21st birthday.
 {¶ 8} Appellant now raises the following assignments of error on appeal: *Page 4 
 {¶ 9} "I. THE LICKING COUNTY JUVENILE COURT ERRED WHEN IT CLASSIFIED RODNEY C. AS A JUVENILE SEX OFFENDER REGISTRANT FOLLOWING A PROBATION VIOLATION, WHEN THE COURT FAILED TO CLASSIFY RODNEY AS A REGISTRANT APPROXIMATELY THREE YEARS EARLIER, WHEN HE WAS FIRST ADJUDICATED DELINQUENT OF A SEXUALLY ORIENTED OFFENSE AND PUT ON PROBATION.
 {¶ 10} "II. THE LICKING COUNTY JUVENILE COURT ERRED WHEN IT CLASSIFIED RODNEY C. AS A JUVENILE OFFENDER REGISTRANT, BECAUSE AS OF JULY 1, 2007, THERE EXISTED NO STATUTORY AUTHORITY FOR THE JUVENILE COURT TO CONDUCT A SEX OFFENDER CLASSIFICATION HEARING, OR ANY OTHER HEARING GOVERNED BY REVISED CODE SECTION 2152.
 {¶ 11} "III. RODNEY C. WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE TRIAL COUNSEL FAILED TO EDUCATE HIMSELF ABOUT RELEVANT JUVENILE OFFENDER CLASSIFICATION PROCEDURES AND FAILED TO OBJECT TO THE COURT'S CLASSIFICATION OF RODNEY AS A JUVENILE SEX OFFENDER REGISTRANT, WHEN THE COURT WAS WITHOUT AUTHORITY TO CONDUCT A CLASSIFICATION HEARING, AND WHEN RODNEY COULD HAVE BEEN LAWFULLY CLASSIFIED ONLY AT HIS ORIGINAL DISPOSITION."
 I {¶ 12} Appellant, in his first assignment of error, argues that the trial court erred when it classified him as a juvenile sex offender registrant following a probation violation hearing when the trial court failed to classify him as a registrant approximately three *Page 5 
years earlier, when appellant was first adjudicated delinquent of a sexually oriented offense and put on probation. We disagree.
 {¶ 13} Revised Code Sections 2152.82 and 2152.83 govern the classification of juveniles who have been adjudicated delinquent of a sexually oriented offense as juvenile sex offender registrants.
 {¶ 14} Appellant was fourteen years old at the time of the offenses and was a first time offender. R.C. 2152.83(B)(1), which is, therefore, applicable, states, in pertinent part, as follows: "The court that adjudicates a child a delinquent child, on the judge's own motion,may conduct at the time of disposition of the child or, if the court commits the child for the delinquent act to the custody of a secure facility, may conduct at the time of the child's release from the secure facility, a hearing for the purposes described in division (B)(2)[1]
of this section if all of the following apply:* * *" (Emphasis added.)
 {¶ 15} Appellant, in the case sub judice, argues that the trial court had no jurisdiction to classify him as a juvenile sex offender registrant in this case because it neither classified him as such, nor committed him to a secure facility, at disposition. Appellant notes that "[s]ince Rodney was not sent to a secure facility at disposition, if the court was going to classify Rodney as a juvenile sex offender registrant at all, it had to do so when it placed him on probation." *Page 6 
 {¶ 16} However, as noted by this Court in In re McAllister, Stark App. No. 2006CA00073, 2006-Ohio-5554: "As we stated in In the Matter of:Lucas A. Callahan, Ashland App. No. 04COA064, 2005-Ohio-735, ¶ 11, `We conclude the General Assembly's use of the word `may' and the use of the conjunction `or' triggers the trial court's discretion regarding when to make a sexual predator determination.' Therefore, the trial court has two times when it may consider classification under R.C. 2152.83(B)(1): 1) at the time of disposition, or 2) at the time of release from a secure facility.
 {¶ 17} "The use of the word `may' in the statute provides a trial court with discretion on whether to classify a juvenile and at what times to classify the juvenile. Once the two cited time frames have lapsed, the trial court's jurisdiction as to classification is terminated." Id at paragraphs 9-10.[2]
 {¶ 18} Juv. R. 2(M) defines "dispositional hearing" as "mean[ing] a hearing to determine what action shall be taken concerning a child who is within the jurisdiction of the court." A juvenile court hearing to revoke probation is a dispositional hearing as defined under Juv. R. 2(M). In re Henderson, Butler App. Nos. CA2001-07-162 and CA2001-09-228, 2002-Ohio-2575, at paragraph 12. Thus, the October 29, 2007, hearing was a dispositional hearing. Moreover, in the case sub judice, appellant has not yet been released from a secure facility. Pursuant toMcAllister, supra, the trial court may make a sex offender classification at the time appellant is released from DYS, a secure facility. *Page 7 
 {¶ 19} Furthermore, although not a juvenile case, we find State v.Bellman, 86 Ohio St.3d 208, 1999-Ohio-95, 714 N.E.2d 381 to be instructive. In Bellman, the appellant argued that the trial court did not have jurisdiction to classify him as a sexually oriented offender because it conducted the sexual offender status hearing after his sentencing, in violation of R.C. 2950.09(B)(1). Such section, at the relevant time, provided, in pertinent part, as follows: "The judge shall conduct the [sexual predator] hearing prior to sentencing and, if the sexually oriented offense is a felony, may conduct it as part of the sentencing hearing * * *."
 {¶ 20} The Ohio Supreme Court, in Bellman, held the statutory requirement that the determination hearing be conducted prior to sentencing is directory rather than mandatory in nature. Specifically, the Court stated: "* * * [T]he language of R.C. 2950.09(B)(1) `does not establish that its time periods are for anything other than convenience and orderly procedure,' [citation omitted], and it `does not include any expression of intent to restrict the jurisdiction of the court for untimeliness.' [citations omitted.]. The provision, then, is not jurisdictional, and a defendant may waive the requirement in R.C. 2950.09(B)(1) that the sexual predator hearing precede sentencing."Id. at 210-211. See also State v. Smith, Licking App. No. 04CA9,2004-Ohio-3743.
 {¶ 21} We find that the classification times set out in R.C. 2152.83
to be directory and not mandatory. It is interesting to note that 2152.83, in contrast to R.C. 2950.09(B)(1) cited above, uses the word "may" as opposed to "shall". The use of the word "may" further implies that the time frames in 2152.83 are directory. *Page 8 
 {¶ 22} In sum, we find that the trial court did classify appellant as a juvenile sex offender registrant at the time of disposition, and the trial court had discretion to make such a determination at disposition or at release from a secure facility.
 {¶ 23} Appellant's first assignment of error is, therefore, overruled.
 II {¶ 24} Appellant, in his second assignment of error, argues that the trial court erred in classifying him as a juvenile sex offender registrant on October 29, 2007, when the applicable sections providing for and governing such hearings were repealed on July 1, 2007.
 {¶ 25} Appellant argues that the former versions of R.C. 2950.04,2950.041, 2950.05 and 2950.06 which permitted his classification as a juvenile offender registrant were repealed by Senate Bill 10, effective July 1, 2007, but that the amendments thereto were not effective until January 1, 2008; therefore, the trial court did not have statutory authority to classify him on October 29, 2007. We disagree.
 {¶ 26} First, we find that appellant's interpretation is not supported by the plain language of Senate Bill 10. Section 2 of Senate Bill 10 states: "[E]xisting sections * * * 2950.04, 2950.041, 2950.05,2950.06. . .of the Revised Code are hereby repealed." Section 2 is deemed effective January 1, 2008 by Section 3, which reads: "The amendments to sections . . . 2151.23, 2152.83, . . .2950.04, 2950.041, 2950.05, 2950.06 . . . of the Revised Code that are made by Sections 1 and 2 of this act, . . . shall take affect on January 1, 2008."
 {¶ 27} "[A]lthough Section 4 of Senate Bill 10 makes Sections 1 — 3 effective on July 1, 2007, this does not change the effective date contained in each individual *Page 9 
Section for the enactment and repeal of individual provisions." In reDarian J. Smith, Allen App. No. 1-07-58, 2008-Ohio-3234 at paragraph 22. "Therefore, all of the Ohio Revised Code portions repealed in Section 2 were repealed effective January 1, 2008, the same date that the new laws, as articulated in Section 1, became effective. The plain statutory language must control." Id at paragraph 23, citing StorerCommunications, Inc. v. Limbach (1988), 37 Ohio St.3d 193, 194,525 N.E.2d 466.
 {¶ 28} Even without the legislature expressly setting forth the repeal and effective dates, we, nonetheless, find appellant's argument to be without merit. Appellate courts in this State have consistently found the repealing clause of a statute does not take effect until the other provisions of the repealing act come into operation. See, e.g. State v.Hall (February 5, 1986), Lorain App. No. 3883, 1986 WL 1736, unreported;Ohio Student Loan Ass'n v. Drinks (April 22, 1986), Franklin App. No. 85AP-1073, 1986 WL 4937, unreported; Arrasmith v. University ofCincinnati (February 16, 1995), Franklin App. No. 94API07-1068,1995 WL 66393, unreported.
 {¶ 29} "Where an act of the General Assembly amends an existing section of the Revised Code * * * postpones the effective date of the amended section for [a time] after the effective date of the act, and repeals the `existing' section in a standard form of repealing clause used for many years by the General Assembly for the purpose of complying with Section 15(D) of Article II of the Constitution of Ohio, the constitutionally mandated repealing clause must be construed to take effect upon the effective date of the amended section in order to prevent a hiatus in statutory law, during which neither the repealed section nor the amended section is in effect." Cox v. Ohio Dept. ofTransportation (1981), 67 Ohio St. 2d 501, 508, 424 N.E.2d 597. *Page 10 
 {¶ 30} Based upon the foregoing, we find that the trial court had the statutory authority to conduct the juvenile sex offender classification hearing in this case. See also, In re Marcio A., Licking App. No. 2007 CA 00149, 2008-Ohio-4523.[3]
 {¶ 31} Appellant's second assignment of error is, therefore, overruled.
 III {¶ 32} Appellant, in his third assignment of error, argues that he received ineffective assistance of trial counsel. We disagree.
 {¶ 33} Our standard of review is set forth in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and whether counsel violated any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. Id. at 141-142. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie,81 Ohio St.3d 673, 675, 1998-Ohio-343, 693 N.E.2d 267. *Page 11 
 {¶ 34} Appellant specifically contends that his trial counsel was ineffective in failing to argue to the trial court that it lacked jurisdiction to classify appellant as a juvenile sex offender registrant because it did not classify him as such at the time of his original disposition (appellant's first assignment of error) and because the statutory sections governing the jurisdiction of the juvenile court were repealed as of July 1, 2007, (appellant's second assignment of error).
 {¶ 35} Based on our disposition of appellant's first and second assignments of error, appellant's third assignment of error is overruled.
 {¶ 36} Accordingly, the judgment of the Licking County Court of Common Pleas, Juvenile Division, is affirmed.
Edwards, J., Wise, P.J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.
[1] Such section states, in relevant part, as follows: "2) A judge shall conduct a hearing under division (B)(1) of this section to review the effectiveness of the disposition made of the child and of any treatment provided for the child placed in a secure setting and to determine whether the child should be classified a juvenile offender registrant. The judge may conduct the hearing on the judge's own initiative or based upon a recommendation of an officer or employee of the department of youth services, a probation officer, an employee of the court, or a prosecutor or law enforcement officer. . ."
[2] See also, In the Matter of P.B., Scioto App. No. 07CA3140,2007-Ohio-3937, in which the court held in paragraph 8 in relevant part, as follows: "First, appellee contends that R.C. 2152.83(A)(1) gives the trial court discretion to classify appellant a sexual predator either at the dispositional hearing or at his release. We would agree with this argument if the subsection at issue is (B)(1) or R.C. 2152.83 rather than (A)(1)."
[3] See also In re E.L., Cuyahoga App. No. 90848, 2008-Ohio-5094. The court, in such case, held that Section 4 of Senate Bill 10 created an ambiguity regarding the effective dates of the old versus the new laws and that, to avoid an unreasonable result, it "could not conclude that the legislature intended to leave a six-month vacancy between repealing over 70 Sections of the Revised Code [S.B. applies to more than 70 criminal statutes] and enacting replacement amendments." Id. at paragraph 8. *Page 1