OPINION *Page 2 
{¶ 1} Appellant, Lamuel F. appeals the October 23, 2007, Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, finding him to be delinquent on one count of retaliation, a felony of the third degree if committed by an adult, in violation of R.C. 2921.05(B). The State of Ohio is Plaintiff-Appellee.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On July 23, 2007, Appellant, a juvenile, was charged with one count of retaliation in violation of R.C. 2921.05(B), a felony of the third degree if committed by an adult. He was also charged with one count of cruelty to animals in violation of R.C. 959.13(A)(1) a misdemeanor of the second degree if committed by an adult.
 {¶ 3} The facts precipitating these charges arose out of a series of events beginning on July 18, 2007. Appellant and another juvenile were in front of Darlene McCauley's ("McCauley") house on July 18th . McCauley's husband was sitting outside with their cat, Demon, when Appellant and his friend began chasing the cat and trying to catch it. McCauley told the juveniles to leave the cat alone and to stay out of her yard. Appellant responded that when he caught her cat, he was going to "feed your cat to my dog."
 {¶ 4} The next day, McCauley left her house at approximately 8:30 p.m. to pick up one of her sons for a birthday party, and Demon was still alive and was on the front porch of the house. At 9:00 p.m., McCauley's other son, Lawrence, called her, crying and yelling, and told her that he heard a loud "boom" on the front porch and he went to the front door and saw two young black males in front of the house. They were jumping *Page 3 
up and down and laughing as their dog was on the porch attacking the cat and shaking the cat in its mouth.
 {¶ 5} McCauley called the police on her cell phone and returned home immediately. When she arrived, the police were there and she saw the dog still there with the cat dead in its mouth. As her younger son tried to get out of the car, the dog dropped the cat and began growling at him. McCauley then saw Appellant hiding in the bushes by her house. The other juvenile had fled on foot when the police arrived.
 {¶ 6} She filed a police report that evening. When the police left to retrieve the dog, which was a pit bull, Appellant fled the bushes and left the scene.
 {¶ 7} On July 20, 2007, Appellant and his friend rode by McCauley's house on a bike. When they came by, McCauley was out in the yard. Appellant, who was on the back of the bike, pointed at McCauley and yelled, "you white fucking honky bitch, you had my dog token (sic), you're next."
 {¶ 8} Appellant exercised his right to trial on September 12, 2007, and the court adjudicated Appellant a delinquent minor on the retaliation charge and dismissed the cruelty to animals charge due to insufficient evidence. A dispositional hearing was held on September 26, 2007, and the court sentenced Appellant to a minimum of six months in the Department of Youth Services (DYS) with a maximum sentence not to exceed Appellant's twenty-first birthday.
 {¶ 9} Appellant was not apprehended for over a month, and when he was finally arrested and interviewed, he admitted to Canton Police Department detectives that the pit bull was his. He admitted to talking to McCauley, but denied making threats.
 {¶ 10} Appellant raises four Assignments of Error: *Page 4 
 {¶ 11} "I. THE STARK COUNTY JUVENILE COURT ERRED WHEN IT ADJUDICATED LAMUEL F. TO BE A DELINQUENT CHILD AND COMMITTED HIM TO DYS IN SEPTEMBER AND OCTOBER, 2007 BECAUSE AS OF JULY 1, 2007, THERE EXISTED NO STATUTORY AUTHORITY TO CONDUCT SUCH A HEARING OR TO MAKE SUCH AN ORDER. (SEPT. 12, 2007 T. PP. 2-62); (SEPT 26, 2007, T.PP.2-7); (A-3).
 {¶ 12} "II. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT ADJUDICATED LAMUEL F. DELINQUENT OF INTIMIDATION WHEN LAMUEL F. HAD NOT BEEN CHARGED WITH COMMITTING INTIMIDATION. FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; SECTION 16, ARTICLE 1 OF THE OHIO CONSTITUTION; JUV.R. 29. (SEPT. 12, 2007 T. PP. 5; 55); (A-2); (A-3).
 {¶ 13} "III. THE TRIAL COURT VIOLATED LAMUEL F.'S RIGHT TO DUE PROCESS WHEN IT ADJUDICATED HIM DELINQUENT OF RETALIATION ABSENT PROOF OF EVERY ELEMENT OF THE CHARGE AGAINST HIM BY SUFFICIENT, COMPETENT, AND CREDIBLE EVIDENCE. THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION, AND JUVENILE RULE 29(E)(4). (SEPT. 12, 2007 T.PP.55-56).
 {¶ 14} "IV. LAMUEL F. WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL. FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, SECTIONS 10 AND 16, ARTICLE 1 OF THE OHIO CONSTITUTION." *Page 5 
 I. {¶ 15} In his first assignment of error, Appellant argues that the trial court erred in conducting an adjudicatory hearing in September, 2007, because the applicable code sections providing the juvenile court with jurisdiction were repealed on July 1, 2007. Specifically, Appellant argues the former versions of R.C. 2151.23 and 2152.02, which give juvenile courts jurisdiction, were repealed by Senate Bill 10, effective July 1, 2007, but the amendments thereto were not effective until January 1, 2008; therefore, the trial court did not have statutory authority to adjudicate him on September 12, 2007 and sentence him to DYS on September 26, 2007. We disagree.
 {¶ 16} We have recently held that this interpretation is not supported by the plain language of Senate Bill 10. Section 2 of Senate Bill 10 states: "Existing sections * * * 2151.23 * * * and 2152.02 * * * of the revised code are hereby repealed." Section 2 is deemed effective January 1, 2008 by Section 3, which reads: "The amendments to section * * *2151.23, * * * 2152.02 * * * of the revised code that are made by Sections 1 and 2 of this act, the enactment of sections 2152.831,2152.86, 2950.011, 2950.15, and 2950.16 of the revised code by Section 1 of the act and the repeal of sections 2152.811, 2950.021, 2950.09, and2950.091 of the revised code by section 2 of this act shall take effect on January 1, 2008." See In re Marcio A., 5th Dist. No. No. 2007 CA 00149, 2008-Ohio-4523, at ¶ 7.
 {¶ 17} "Although Section 4 of Senate Bill 10 makes Sections 1-3 effective on July 1, 2007, this does not change the effective date contained in each individual Section for the enactment and repeal of individual provisions." Id., at ¶ 8 quoting In re Darian J. Smith, 3rd Dist. No. 1-07-58, 2008-Ohio-3234 at ¶ 22. "Therefore, all of the *Page 6 
Ohio Revised Code portions repealed in Section 2 were repealed effective January 1, 2008, the same date that the new laws, as articulated in Section 1, became effective. The plain statutory language must control." Id. at ¶ 23, citing Storer Communications, Inc. v. Limbach (1988),37 Ohio St.3d 193, 194, 525 N.E.2d 466.
 {¶ 18} Even without the legislature expressly setting forth the repeal and effective dates, we, nonetheless, find Appellant's argument to be without merit. "Appellate courts in this State have consistently found the repealing clause of a statute does not take effect until the other provisions of the repealing act come into operation." Marcio A., supra, at ¶ 9, citing State v. Hall (February 5, 1986), 9th
Dist. No. 3883; Ohio Student Loan Ass'n v. Drinks (April 22, 1986), 10th Dist. No. 85AP-1073; Arrasmith v. University ofCincinnati (February 16, 1995), 10th Dist. No. 94API07-1068.
 {¶ 19} "Where an act of the General Assembly amends an existing section of the Revised Code * * * postpones the effective date of the amended section for [a time] after the effective date of the act, and repeals the `existing' section in a standard form of repealing clause used for many years by the General Assembly for the purpose of complying with Section 15(D) of Article II of the Constitution of Ohio, the constitutionally mandated repealing clause must be construed to take effect upon the effective date of the amended section in order to prevent a hiatus in statutory law, during which neither the repealed section nor the amended section is in effect." Cox v. Ohio Dept. ofTransportation (1981), 67 Ohio St.2d 501, 508, 424 N.E.2d 597.
 {¶ 20} Based upon the foregoing, we find the trial court had the statutory authority to conduct the adjudicatory hearing and dispositional hearing.
 {¶ 21} Accordingly, Appellant's first assignment of error is overruled. *Page 7 
 II. {¶ 22} In Appellant's second assignment of error, he argues that the trial court committed plain error when it adjudicated Appellant delinquent of the charge of intimidation when Appellant had not been charged with intimidation.
 {¶ 23} While the court did misspeak in the adjudicatory hearing and stated that he was finding Appellant delinquent of the crime of "intimidation," a court speaks through its judgment entries. State v.King (1994), 70 Ohio St.3d 158, 637 N.E.2d 903. Moreover, "[i]t is an invariable rule that a court speaks only through its journal, and where its opinion and its journal are in conflict the latter controls and the former must be disregarded." Andrews v. Board of Liquor Control (1955).164 Ohio St. 275, at paragraph 3 of the syllabus, 131 N.E.2d 390.
 {¶ 24} When viewing the judgment entry of the court in this case, the court found beyond a reasonable doubt that Appellant was delinquent of one count of retaliation, a felony of the third degree if committed by an adult, in violation of R.C. 2921.05.
 {¶ 25} Accordingly, Appellant's second assignment of error is overruled.
 III. {¶ 26} In his third assignment of error, Appellant argues that there was insufficient evidence to convict him of retaliation.
 {¶ 27} When reviewing a claim of sufficiency of the evidence, an appellate court's role is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v.Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. Contrary to a manifest weight argument, a sufficiency analysis raises a question of law and does *Page 8 
not allow the court to weigh the evidence. State v. Martin (1983), 20 Ohio App.3d 172, 175. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Thompkins,78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541.
 {¶ 28} Pursuant to R.C. 2921.05(B), a juvenile may be adjudicated delinquent for retaliation if they "purposely and by force or by unlawful threat of harm to any person or property, shall retaliate against the victim of a crime because the victim filed or prosecuted criminal charges." In reviewing the evidence in a light most favorable to the prosecution, the record reflects sufficient evidence to show Appellant purposely and unlawfully threatened to harm Darlene McCauley because she filed criminal charges.
 {¶ 29} The evidence adduced at trial revealed that after Appellant and his friend brought the pit bull over on July 19, 2007, McCauley arrived at the scene and saw her cat dead and observed Appellant hiding in the bushes. She spoke with the police and filed a police report while Appellant was hiding in the bushes. After the police left to capture Appellant's dog, Appellant fled the scene. The police and dog warden captured the dog that evening.
 {¶ 30} The next day, Appellant and his friend rode by McCauley's house on a bike and Appellant pointed at McCauley and threatened harm to her because she had his dog taken away. Appellant admitted to talking to McCauley and admitted that the dog was his, but denied that he threatened her.
 {¶ 31} Viewing the evidence in the light most favorable to the prosecution, a reasonable trier of fact could have concluded that Appellant did threaten Darlene *Page 9 
McCauley because she filed a police report and pressed criminal charges the night before the threats. We believe reading R.C. 2921.05(B) in the narrow and restrictive manner Appellant asks us to do would defeat the legislative intent of the statute. See State v. Selmon, 5th Dist. No. 06-CA-52, 2007-Ohio-1451.[1] The evidence was sufficient as a matter of law and the trial court did not err in adjudicating Appellant delinquent for retaliation.
 {¶ 32} Appellant's third assignment of error is overruled.
 IV. {¶ 33} In his fourth assignment of error, Appellant argues that he was denied the effective assistance of counsel.
 {¶ 34} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that his trial counsel acted incompetently. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052. In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Id. at 689, quoting Michel v. Louisiana (1955), 350 U.S. 91, 101, 76 S.Ct. 158,164.
 {¶ 35} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in *Page 10 
the same way." Strickland, 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." Id. at 690.
 {¶ 36} Even if a defendant shows that his counsel was incompetent, the defendant must then satisfy the second prong of the Strickland test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."Strickland, 466 U.S. at 694.
 {¶ 37} Appellant claims that counsel was ineffective for failing to request findings of fact and conclusions of law and for failing to file written objections to the magistrate's decision. He specifically claims that counsel's failure to object to the magistrate's decision deprived the trial court of the opportunity to correct the alleged errors and therefore forfeited Appellant's right to appeal the findings in the magistrate's decision. We disagree.
 {¶ 38} Based on our ruling on Appellant's previous assignments of error, we do not find that counsel acted ineffectively. Appellant has the opportunity in this appeal to litigate any evidentiary or sentencing issues from his adjudicatory and dispositional hearings as well as the evidence presented at trial. Moreover, he cannot demonstrate prejudice, as he has been able to litigate these potential legal errors on appeal. Appellant fails to state with any specificity how he was prejudiced and what issues he would have raised had trial counsel filed an objection and requested findings of fact and conclusions of law. Appellant's fourth assignment of error is overruled. *Page 11 
 {¶ 39} For the foregoing reasons, we overrule Appellant's assignments of error. The judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
 Delaney, J., Gwin, P.J. and Farmer, J., concur. *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] We find State v. Pickens, 3rd Dist. No. 9-04-28,2005-Ohio-328, which Appellant relies on, to be distinguishable from the case at bar. Pickens was convicted of retaliation in violation of R.C. 2921.05(A), whereas Appellant was convicted under R.C. 2921.05(B) and the "retaliation" in Pickens was based on a personal conversation between the victim and defendant after which the defendant smashed the window out of the victim's house. The conversation was not related to the previous filing of charges against Pickens. No evidence established a "factual nexus" between the window smashing and the pending criminal charges. Such is not the case here. The threat was directly related to the police report filed by McCauley that precipitated the capture of Appellant's dog. *Page 1