JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Garrison Brown, appeals from the judgment of conviction and sentencing order finding him to be a sexually oriented offender and advising him that, as of January 1, 2008, he would be considered a Tier II offender pursuant to S.B. 10, familiarly known as the Adam Walsh Act. Appellant urges that the application of S.B. 10 to him violates the ex post facto clause of the United States Constitution and the retroactivity clause of the Ohio Constitution. He further contends that it violates the double jeopardy, equal protection, due process and cruel and unusual punishment clauses of the United States Constitution and the Ohio Constitution. Finally, appellant claims the court erred by classifying him as a sexually oriented offender after the provision for that classification had been repealed.
 {¶ 2} We find that the trial court did not err by classifying appellant as a sexually oriented offender because S.B. 10 did not repeal the statutes which allowed for this classification until the amended statutes took effect on January 1, 2008. Appellant's constitutional challenges to S.B. 10 are premature because the operative classification and registration requirements were not in effect at the time appellant was sentenced or when this appeal was filed. Accordingly, we affirm.
 {¶ 3} In an indictment filed August 24, 2007, appellant was charged with *Page 4 
thirteen counts of unlawful sexual conduct with a minor. On October 23, 2007, he pleaded guilty to the first count. The remaining charges were dismissed.
 {¶ 4} The court conducted a combined sentencing and H.B. 180 hearing on November 20, 2007. As part of his plea agreement, the parties stipulated that appellant was a sexually oriented offender, and the court so found. As required by R.C. 2950.032(C), the court provided appellant with an extensive explanation of his registration duties under H.B. 180 as well as his future registration duties under S.B. 10. Appellant's counsel asserted that the application of S.B. 10 to appellant would violate both the Ohio Constitution and the United States Constitution. The court did not rule on these objections, apparently concluding that the issue was not ripe for review until the law went into effect on January 1, 2008. Nevertheless, the court indicated that it would appoint appellate counsel for appellant. The court then sentenced appellant to one year of probation and one hundred hours of community service.
 {¶ 5} Appellant's sixth assignment of error asserts that "the trial court erred in classifying appellant as a sexually oriented offender under Ohio's Megan's Law after the provisions providing for such classification had been repealed."
 {¶ 6} S.B. 10 worked massive changes in the laws governing sexual offender registration. S.B. 10 amended more than seventy-five statutes governing both juvenile and adult offenders, as well as enacting several new *Page 5 
statutes.
 {¶ 7} The sections of S.B. 10 governing the effective dates of its various provisions are bewildering. We quote them here in their entirety:
 "SECTION 2. That existing sections 109.42, 109.57, 311.171, 1923.01, 1923.02, 2151.23, 2151.357, 2152.02, 2152.19, 2152.191, 2152.22, 2152.82, 2152.821, 2152.83, 2152.84, 2152.85, 2152.851, 2743.191, 2901.07, 2903.211, 2905.01, 2905.02, 2905.03, 2905.05, 2907.01, 2907.02, 2907.05, 2921.34, 2929.01, 2929.02, 2929.022, 2929.03, 2929.06, 2929.13, 2929.14, 2929.19, 2929.23, 2930.16, 2941.148, 2950.01, 2950.02, 2950.03, 2950.031, 2950.04, 2950.041, 2950.05, 2950.06, 2950.07, 2950.08, 2950.081, 2950.10, 2950.11, 2950.12, 2950.13, 2950.14, 2953.32, 2967.12, 2967.121, 2971.01, 2971.03, 2971.04, 2971.05, 2971.06, 2971.07, 5120.49, 5120.61, 5120.66, 5139.13, 5149.10, 5321.01, 5321.03, and 5321.051 and sections 2152.811, 2950.021, 2950.09, and 2950.091 of the Revised Code are hereby repealed.
 "SECTION 3. The amendments to sections 109.42, 109.57, 311.171, 2151.23, 2152.02, 2152.19, 2152.191, 2152.22, 2152.82, 2152.821, 2152.83, 2152.84, 2152.85, 2152.851, 2743.191, 2901.07, 2903.211, 2905.01, 2905.02, 2905.03, 2905.05, 2907.01, 2907.02, 2907.05, 2921.34, 2929.01, 2929.02, 2929.022, 2929.03, 2929.06, 2929.13, 2929.14, 2929.19, 2929.23, 2930.16, 2941.148, 2950.01, 2950.02, 2950.03, 2950.04, 2950.041, 2950.05, 2950.06, 2950.07, 2950.08, 2950.081, 2950.10, 2950.11, 2950.12, 2950.13, 2950.14, 2967.12, 2967.121, 2971.01, 2971.03, 2971.04, 2971.05, 2971.06, 2971.07, 5120.49, 5120.61, 5120.66, 5139.13, and 5149.10 of the Revised Code that are made by Sections 1 and 2 of this act, the enactment of sections 2152.831, 2152.86, 2950.011, 2950.15, and 2950.16 of the Revised Code by Section 1 of the act, and the repeal of sections 2152.811, 2950.021, 2950.09, and 2950.091 of the Revised Code by Section 2 of this act shall take effect on January 1, 2008.
 "The amendments to sections 1923.01, 1923.02, 2151.357, 2950.031, 2953.32, 5321.01, 5321.03, and 5321.051 of the Revised Code that are made by Sections 1 and 2 of this act and the enactment of sections 2950.032, 2950.033, 2950.042, 2950.043, and 2950.131 and new section 2950.031 of the Revised Code by Section 1 of this act *Page 6 
shall take effect on July 1, 2007.
 "SECTION 4. Sections 1 to 3 of this act shall take effect on July 1, 2007."
 {¶ 8} Two of our sister courts have concluded that the repeal of the existing statutes in Section 2 of S.B. 10 took effect at the same time that the amended statutes become effective under Section 3, that is, January 1, 2008. One court decided that the plain language of Sections 2 and 3, read together, required the conclusion that the new laws took effect and the old statutes were repealed simultaneously. In re DarianJ. Smith, Allen App. No. 1-07-58, 2008-Ohio-3234, ¶ 22-23. The other relied on the more general principal that, when the legislature amends a statute, the repealing clause does not take effect until the amended provision of the act comes into operation, "`to prevent a hiatus in statutory law, during which neither the repealed section nor the amended section is in effect.'" In re Marcio A, Licking App. No. 2007-CA 00149,2008-Ohio-4523, ¶ 9-10, quoting Cox v. Ohio Dept. Of Transp. (1981), 67 Ohio St.2d 501, 508.
 {¶ 9} We are compelled to agree. The legislature clearly did not intend to create a vacuum in the law governing sexually oriented offenders. Among other things, the extensive procedures which S.B. 10 prescribes for providing notice to offenders, like appellant, who were sentenced during the interim period between the enactment of S.B. 10 and the effective date of most of its provisions, make it *Page 7 
impossible for us to conclude that the legislature intended to repeal the prior law on July 1, 2007, a full six months before the new provisions took effect. Lex Ohionem non patitur absurdum. We therefore hold that, at the time appellant was sentenced on November 20, 2007, the provisions which allowed him to be classified as a sexually oriented offender were still in effect. Accordingly, we overrule the sixth assignment of error.
 {¶ 10} Appellant's remaining assignments of error challenge the constitutionality of S.B. 10 as applied to him. Appellant was sentenced on November 20, 2007, and this appeal was filed December 18, 2007, all before the operative classification and registration requirements of S.B. 10 even became effective. Therefore, these constitutional challenges are premature. See State v. Worthington, Marion App. No. 9-07-62, 2008-Ohio-3222; In re R.P., Summit App. No. 23967,2008-Ohio-2673. The trial court complied with its obligations under R.C. 2950.032(C) and provided notice to appellant that "as of 1-1-08 he will be considered a Tier II offender." However, notice of a future obligation is not the equivalent of actual imposition of that obligation.
 {¶ 11} The classification and registration requirements for sexual offenders are considered civil in nature and therefore are appealable, if at all, pursuant to R.C. 2505.02. Courts have generally concluded that sexual predator classification hearings are special proceedings, the results of which are *Page 8 
appealable under R.C. 2505.02(B)(2).[1] State v. Hultz, Wayne App. No. 06CA0032, 2007-Ohio-2040, ¶ 22; State v. Dobrski, Lorain App. No. 06CA008925A, 2007-Ohio-3121. A court order informing a party of a future obligation under a law not yet in effect does not "affect a substantial right." We express no opinion about whether appellant can obtain review of this issue via, e.g., a declaratory judgment action or a writ now that S.B. 10 has gone into effect.
 {¶ 12} We note that S.B. 10 required the Ohio Attorney General to notify offenders who were imprisoned or who were complying with then-existing notification requirements of their future status and obligations under the new law, and also provided a hearing and appeal procedure to be followed when one of these offenders wished to challenge this notification. See, e.g., R.C. 2950.031 and 2950.032(A), (B), (D), and (E). R.C. 2950.032 notably excluded from the hearing and appeal process offenders, like appellant, who were notified by the court of their future registration duties. We must assume the legislature meant what it said. There is no statutory procedure for challenging future registration requirements when the offender receives notice of these requirements from the court, nor is such a notification a final order under R.C. 2505.02. Therefore, we *Page 9 
decline to address the constitutional issues raised by appellant.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., CONCURS IN JUDGMENT ONLY.
COLLEEN CONWAY COONEY, A.J., DISSENTS (SEE ATTACHED DISSENTING OPINION).
[1] "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following: * * * 2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."