[Cite as *In re Bruce S.*, 2011-Ohio-6634.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: BRUCE S.             :         APPEAL NO. C-110042
                                                TRIAL NO. 08-15538X

                                  :            *O P I N I O N.*

Criminal Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  December 23, 2011

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Appellee State of Ohio,

*Office of the Ohio Public Defender* and *Amanda J. Powell*, Assistant State Public Defender, for Appellant Bruce S.

Please note:  This case has been removed from the accelerated calendar.

Per Curiam.

{¶1}    Appellant Bruce S. admitted to and was adjudicated delinquent for committing an act on September 1, 2007, that, if committed by an adult, would have constituted the sexually-oriented offense of rape.  The juvenile court, believing that Am.Sub.S.B. No. 10 ("Senate Bill 10") required it to classify Bruce S. as a Tier III sex offender, classified Bruce S. as a Tier III sex offender subject to community notification.  We reversed the Tier III classification on appeal, holding that the juvenile court had discretion to classify Bruce S. as a Tier I, a Tier II, or a Tier III offender, and that the failure of the trial court to exercise that discretion was reversible error.  *In re Bruce S.* (Dec. 16, 2009), 1st Dist. No. C-081300.  We remanded the case to the juvenile court for a new hearing to determine Bruce S.'s appropriate sex-offender classification.

{¶2}    A juvenile court magistrate held a new classification hearing on May 19, 2010.  The magistrate ordered Bruce S. to register pursuant to Senate Bill 10 as a Tier III juvenile sex offender subject to community notification.  The trial court overruled Bruce S.'s objections to the magistrate's decision and on December 20, 2010, adopted it as the judgment of the court.  Bruce S. has appealed his classification under Senate Bill 10 as a Tier III juvenile-sex-offender registrant subject to community notification.

{¶3}    On July 13, 2011, the Ohio Supreme Court decided *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, which held that Senate Bill 10's classification, registration, and community-notification provisions could not constitutionally be retroactively applied to sex offenders who had committed their sex offenses prior to its enactment.  Senate Bill 10 was enacted June 27, 2007.

2

Senate Bill 10 repealed Ohio's former sex-offender classification, registration, and community-notification provisions ("Megan's Law"), Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, enacted in 1996, amended in 2003 by Am. Sub.S.B. No. 5, 150 Ohio Laws, Part IV, 6556, effective July 1, 2007. Senate Bill 10's registration, classification, and community-notification provisions, including those regarding the classification of juveniles as Tier I, Tier II or Tier III sex offenders, became effective January 1, 2008.

{¶4}  "Where an act of the General Assembly amends an existing section of the Revised Code * * *, postpones the effective date of the amended section for [a certain period of time] after the effective date of the act, and repeals the 'existing' section in a standard form of repealing clause used for many years by the General Assembly for the purpose of complying with Section 15(D) of Article II of the Constitution of Ohio, the constitutionally mandated repealing clause must be construed to take effect upon the effective date of the amended section in order to prevent a hiatus in statutory law, during which neither the repealed section nor the amended section is in effect." *Cox v. Ohio Dept. of Transp.* (1981), 67 Ohio St.2d 501, 508, 424 N.E.2d 597.

{¶5}  The repealing clause of a statute does not take effect until the amended provisions of the act come into operation. See id.; *State v. Brown*, 8th Dist. No. 90798, 2009-Ohio-127, reversed in part on other grounds, *In re Sexual Offender Classification Cases*, 126 Ohio St.3d 322, 2010-Ohio-3753, 933 N.E.2d 801; *In re Carr*, 5th Dist. No. 08 CA 19, 2008-Ohio-5689; *In re Marcio A.*, 5th Dist. No. 2007 CA 00149, 2008-Ohio-4523. Senate Bill 10's classification, registration, and community-notification provisions became effective on January 1, 2008. Prior to that date, including the period from Senate Bill 10's enactment to its January 1, 2008

effective date, Ohio's former sex-offender classification, registration and community-notification provisions were in effect. See *State v. Brown*, supra; *In re Carr*, supra; *In re Marcio A.*, supra.

{¶6} Bruce S. committed his offense on September 1, 2007, prior to the effective date of Senate Bill 10's registration, classification, and community-notification provisions, and during the time that Megan's Law was in effect. Therefore, Senate Bill 10's classification, registration, and community-notification provisions may not be applied to him. See *State v. Williams*, supra. The judgment of the juvenile court classifying Bruce S. as a Tier III juvenile sex offender under Senate Bill 10 must be reversed, and this cause must be remanded for Bruce S.'s sexual-offender classification under Megan's Law.

{¶7} Our disposition of this appeal renders Bruce S.'s four assignments of error moot. Therefore, we do not address them. The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with law and this opinion.

{¶8} We recognize that our opinion in this case is in conflict with the opinion rendered by the Eighth Appellate District in *State v. Scott*, 8th Dist. No. 91890, 2011-Ohio-6255, holding that Senate Bill 10's classification provisions may be constitutionally applied to a sex offender who had committed his offenses during the period from July 1, 2007 through August 31, 2007. Therefore, pursuant to Section 3(B)(4), Article IV, of the Ohio Constitution, we sua sponte certify a conflict to the Ohio Supreme Court for review and final determination.

{¶9} We certify this question to the Supreme Court of Ohio: May Senate Bill 10's classification, registration, and community-notification provisions be constitutionally applied to a sex offender who had committed his sex offense between

4

the July 1, 2007, repeal of Megan's Law and the January 1, 2008, effective date of Senate Bill 10's classification, registration, and community-notification provisions?

Judgment reversed and cause remanded.

**SUNDERMANN, P.J., CUNNINGHAM** and **FISCHER, JJ.**

Please note:

The court has recorded its own entry this date.