[Cite as *In re E.S.*, 2012-Ohio-1363.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

|                |   |                          |
|----------------|---|--------------------------|
| IN RE: E.S.    | : | APPEAL NOS. C-110163     |
|                |   | C-110490                 |
|                | : | TRIAL NO.  07-11052      |
|                |   |                          |
|                | : | *O P I N I O N.*         |

Criminal Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Affirmed in C-110490; Reversed and Cause Remanded in C-110163

Date of Judgment Entry on Appeal:  March 30, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Appellee State of Ohio,

*Office of the Ohio Public Defender* and *Sheryl Trzaska*, Assistant State Public Defender, for Appellant E.S.

Please note:  This case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1} Appellant E.S. was adjudicated delinquent for committing an act on July 28, 2007, that, if committed by an adult, would have constituted the sexually-oriented offense of sexual imposition, a third-degree misdemeanor. At the November 13, 2007 dispositional hearing, the magistrate, applying Ohio's former sex-offender registration statutes, determined that the statutory presumption that E.S.'s offense was exempt from sex-offender registration should be lifted and that E.S. should be classified as a juvenile sex-offender registrant. The magistrate found that E.S. was not a sexual predator or a habitual sexual offender. The magistrate also informed E.S. that as of January 1, 2008, he would be classified as a Tier I sex offender under Am.Sub.S.B. No. 10 ("Senate Bill 10"). The trial court overruled E.S.'s objections to the magistrate's decision. E.S. appealed his initial sex-offender classification in the case numbered C-110490.

{¶2} On December 7, 2010, the magistrate conducted the end-of-disposition review of E.S.'s sex-offender classification. The magistrate "continued" E.S.'s classification as a Tier I juvenile sex-offender registrant under Senate Bill 10. E.S. filed objections to the magistrate's decision, which the trial court overruled after a hearing. E.S. appealed his end-of-disposition sex-offender classification in the case numbered C-110163.

{¶3} On July 13, 2011, the Ohio Supreme Court decided *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, which held that Senate Bill 10's classification, registration, and community-notification provisions could not constitutionally be retroactively applied to sex offenders who had committed their sex offenses prior to its enactment. Senate Bill 10 was enacted June 27, 2007.

2

Senate Bill 10 repealed Ohio's former sex-offender classification, registration, and community-notification provisions ("Megan's Law"), Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, enacted in 1996, amended in 2003 by Am. Sub.S.B. No. 5, 150 Ohio Laws, Part IV, 6556, effective July 1, 2007. Senate Bill 10's registration, classification, and community-notification provisions, including those regarding the classification of juveniles as Tier I, Tier II, or Tier III sex offenders, became effective January 1, 2008.

{¶4} E.S.'s first assignment of error alleges that the juvenile court had no authority to classify him as a juvenile sex-offender registrant because at the time he committed his sex offense, July 28, 2007, Megan's Law had been repealed and Senate Bill 10 had not yet become effective.

{¶5} The repealing clause of a statute does not take effect until the amended provisions of the act come into operation. *In re Bruce S.*, 1st Dist. No. C-110042, 2011-Ohio-6634, ¶ 5, citing *Cox v. Ohio Dept. of Transp.*, 67 Ohio St.2d 510, 508, 424 N.E.2d 597; *see also State v. Brown*, 8th Dist. No. 90798, 2009-Ohio-127, *reversed in part on other grounds sub nom. In re Sexual Offender Classification Cases*, 126 Ohio St.3d 322, 2010-Ohio-3753, 933 N.E.2d 801; *In re Carr*, 5th Dist. No. 08 CA 19, 2008-Ohio-5689; *In re Marcio A.*, 5th Dist. No. 2007 CA 00149, 2008-Ohio-4523. Senate Bill 10's classification, registration, and community-notification provisions became effective on January 1, 2008. Prior to that date, including the period from Senate Bill 10's enactment to its January 1, 2008 effective date, Ohio's former sex-offender classification, registration and community-notification provisions were in effect. *Id.*

{¶6} E.S. committed his offense on July 28, 2007, prior to the effective date of Senate Bill 10's registration, classification, and community-notification

provisions, and during the time that Megan's Law was in effect. Therefore, the juvenile court had the authority to classify E.S. under Megan's Law. The first assignment of error is overruled, and the judgment of the juvenile court is affirmed in the case numbered C-110490.

{¶7}    The second and third assignments of error, which allege that Senate Bill 10's registration, classification, and community-notification provisions may not constitutionally be applied to E.S., are sustained on the authority of *State v. Williams*, *supra*, and *In re Bruce S.*, *supra*. We do not address E.S.'s argument that Senate Bill 10's registration, classification, and community-notification provisions may never be applied to juveniles.

{¶8}    The fourth assignment of error alleges that the juvenile court erred in failing to remove E.S. from the sex-offender registry at the end-of-disposition hearing. The end-of-disposition hearing was held pursuant to Senate Bill 10. Because Senate Bill 10's registration, classification, and community-notification provisions may not be applied to E.S., the judgment of the juvenile court classifying him as a Tier I juvenile sex offender under Senate Bill 10 must be reversed, and this cause must be remanded for the juvenile court to hold an end-of-disposition hearing under Megan's Law. The fourth assignment of error is sustained solely on that basis.

{¶9}    The judgment of the trial court is affirmed in the case numbered C-110490. In the case numbered C-110163, the trial court's judgment is reversed, and this cause is remanded for further proceedings consistent with law and this opinion.

Judgment accordingly.

**CUNNINGHAM, P.J.,** and **FISCHER, J.**, concur.

Please note:

        The court has recorded its own entry this date.