OPINION
{¶ 1} On August 9, 2003, a complaint was filed against appellant, Bryant McAllister, a juvenile age fifteen, for attempted rape in violation of R.C. 2907.02. On August 21, 2003, appellant pled true to the charge. By judgment entry filed October 7, 2003, the trial court found appellant to be delinquent and sentenced him to the Department of Youth Services for an indefinite term of one year up to his twenty-first birthday.
 {¶ 2} Appellant was released on January 11, 2005.
 {¶ 3} On February 14, 2006, a hearing was held to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. By judgment entry filed February 15, 2006, the trial court classified appellant as a juvenile sex offender subject to registration.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT ERRED IN REGISTERING JUVENILE-APPELLANT AS A SEX OFFENDER THIRTEEN MONTHS AFTER HIS RELEASE FROM THE DEPARTMENT OF YOUTH SERVICES, IN VIOLATION OF R.C. 2152.83(A)(1) WHICH STATES THAT JUVENILE SEX OFFENDER REGISTRATION IS TO TAKE PLACE UPON DISPOSITION OR UPON RELEASE FROM A SECURED FACILITY."
 I {¶ 6} Appellant claims the trial court erred in classifying him as a juvenile sex offender thirteen months after his release in violation of R.C. 2152.83(A)(1). We agree.
 {¶ 7} R.C. 2152.83(A)(1) pertains to juveniles "sixteen or seventeen years of age at the time of committing the offense." R.C. 2152.83(A)(1)(b). Appellant was fifteen years old at the time of the offense therefore, R.C. 2152.83(B)(1) applies sub judice which states the following in pertinent part:
 {¶ 8} "The court that adjudicates a child a delinquent child, on the judge's own motion, may conduct at the time of disposition of the child or, if the court commits the child for the delinquent act to the custody of a secure facility, may
conduct at the time of the child's release from the secure facility, a hearing for the purposes described in division (B)(2) of this section if all of the following apply: * * *" (Emphasis added.)
 {¶ 9} The state's motion to classify appellant as a juvenile sex offender, the hearing and the trial court's determination were all made after appellant's release from a secure facility. As we stated in In the Matter of: Lucas A. Callahan, Ashland App. No. 04COA064, 2005-Ohio-735, ¶ 11, "We conclude the General Assembly's use of the word `may' and the use of the conjunction `or' triggers the trial court's discretion regarding when to make a sexual predator determination." Therefore, the trial court has two times when it may consider classification under R.C.2152.83(B)(1): 1) at the time of disposition, or 2) at the time of release from a secure facility.
 {¶ 10} The use of the word "may" in the statute provides a trial court with discretion on whether to classify a juvenile and at what times to classify the juvenile. Once the two cited time frames have lapsed, the trial court's jurisdiction as to classification is terminated.
 {¶ 11} Upon review, we find under R.C. 2152.83(B)(1) the trial court erred in classifying appellant to be a juvenile sex offender.
 {¶ 12} The sole assignment of error is granted.
 {¶ 13} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby reversed.
By Farmer, P.J. Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is reversed.