OPINION *Page 2 
{¶ 1} Mathew L. appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which adjudicated him as a sexual offender. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED WHEN IT CLASSIFIED THE JUVENILE AS A SEXUAL OFFENDER SOME TWO YEARS AFTER THE ORIGINAL DISPOSITION."
 {¶ 3} The record indicates appellant was adjudicated delinquent by reason of violation of R.C. 2907.05(A)(4), gross sexual imposition, which would be a third-class felony if committed by an adult. The court committed appellant to the Ohio Department of Youth Services for an indefinite term of a minimum of six months to a maximum period not to exceed age 21. The court placed appellant on sex offender probation, and held in abeyance the commitment to DYS pending appellant's performance on probation. The trial court also stated it would conduct a hearing on the juvenile sex offender registration pending successful completion of the disposition.
 {¶ 4} On April 12, 2007, the court adjudicated appellant delinquent for violating his probation. The court placed appellant on home arrest with his grandparents, who were granted the authority to place him in a therapy center in Utah.
 {¶ 5} In July 2008, appellant was discharged from the treatment center. The court remanded him to the Licking County Justice Center pending a hearing on a probation violation.
 {¶ 6} On September 17, 2008, the court conducted a hearing on the probation violation, and remanded the appellant to DYS to serve his previously suspended sentence. The court also classified appellant a Tier II Juvenile Sex Offender. *Page 3 
 {¶ 7} R.C. 2152.83 states in pertinent part:
 {¶ 8} "(B)(1) The court that adjudicates a child a delinquent child, on the judge's own motion, may conduct at the time of disposition of the child or, if the court commits the child for the delinquent act to the custody of a secure facility, may conduct at the time of the child's release from the secure facility a hearing for the purposes described in division (B)(2) of this section if all of the following apply:
 {¶ 9} "(a) The act for which the child is adjudicated a delinquent child is a sexually oriented offense or a child-victim oriented offense that the child committed on or after January 1, 2002.
 {¶ 10} "(b) The child was fourteen or fifteen years of age at the time of committing the offense. * * *"
 {¶ 11} As a preliminary matter, the State maintains appellant waived his right to appeal this issue by neither objecting at the probation violation hearing, nor assigning plain error on appeal. We will address the merits of the appeal.
 {¶ 12} This court has considered the issue of when the classification may take place in In Re: McCallister, Stark App. No. 2006-CA-00073,2006-Ohio-5554. In McCallister, a fifteen year old juvenile was committed to DYS for attempted rape. He was released January 11, 2005. On February 14, 2006, the court conducted a classification hearing, and on February 15, 2006 classified him as a juvenile sex offender subject to registration.
 {¶ 13} We found the General Assembly's use of the word "may and or" in R.C. 2152.83 vested the court with discretion regarding when to make a sexual predator determination. Id., paragraph 10. The court has two occasions to choose from, at the *Page 4 
time of disposition, or at the time of release from a secure facility, but once both time frames have lapsed, the court no longer has jurisdiction to classify the juvenile as a sex offender. Id.
 {¶ 14} Appellant asserts the issue here is when does disposition occur, triggering the first time a court may make the adjudication as provided in the statute. Appellant argues the only dispositional hearing on the underlying offense occurs at the time the court first finds the juvenile delinquent by reason of committing the offense, and any later adjudication is for violating the terms of probation. No matter what further dispositions the court makes for subsequent violations, appellant asserts the disposition on the underlying charge does not change.
 {¶ 15} Appellant argues he was not adjudicated a sexual offender at the time of the disposition on the sexual offense, and that time has passed. He argues the court may only classify him a sex offender subject to registration on the second of the statutory dates, his release from DYS, which has not yet occurred.
 {¶ 16} We agree with appellant In Re: McCallister, controls but we disagree on how to apply it here. In In Re: Carr, A Minor Child, Licking App. No. 08CA19, 2008-Ohio-5689 a fourteen year old juvenile was found delinquent by reason of rape and gross sexual imposition on January 14, 2005. The court committed the juvenile to DYS, but suspended the commitment and placed him on probation under specific terms and conditions. The court postponed the sex offender classification hearing until completion of disposition. On October 29, 2007, the court adjudicated Carr delinquent for violating his probation. The court classified him as a juvenile sex offender registrant, and committed him to DYS for a minimum period of one year and a maximum term of up to *Page 5 
his 21st birthday. On appeal, Carr argued the trial court erred in classifying him as a juvenile sex offender registrant following the probation violation hearing, because it had failed to classify him as a registrant approximately three years earlier when it first adjudicated him delinquent because of a sexually oriented offense.
 {¶ 17} In Carr, we cited Juv. R. 2 as defining a dispositional hearing as a hearing conducted to determine what action shall be taken concerning a child who is within the jurisdiction of the court. We found a hearing to revoke probation is a dispositional hearing, Id. at paragraph 18, citations deleted.
 {¶ 18} In Carr, we cited State v. Bellman, 86 Ohio St. 208,1995-Ohio-95, wherein the Ohio Supreme Court construed R.C. 2950.09, the adult version of the sexual offender classification. The statute requires the court to conduct the sexual predator hearing prior to sentencing, or if the offense is a felony, the court may include it in the sentencing hearing. The Supreme Court found this language is directory rather than mandatory, and does not limit the jurisdiction of the court as to the timing of the hearing. Analogizing Bellman, we
concluded the classification times set out in R.C. 2152.83 are directory and not mandatory, and thus, the court in Carr had discretion to make a determination at any dispositional hearing, or when the juvenile is released from a secure facility.
 {¶ 19} The same logic applies here. The court could have chosen to find appellant a juvenile sex offender at the time it found him delinquent by reason of the sex offense or at any dispositional hearing thereafter, as long as the commitment for the underlying offense had not been completed. The probation violation hearing was a *Page 6 
dispositional hearing, at which the court could conclude the previous disposition had not been satisfactory, and could classify appellant a juvenile offender registrant.
 {¶ 20} The assignment of error is overruled.
 {¶ 21} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
By Gwin, P.J., Edwards, J., and Delaney, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs to appellant. *Page 1