[Cite as *In re J.P.*, 2012-Ohio-3343.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. 10 JE 23 |
| | ) | |
| J.P., | ) | O P I N I O N |
| | ) | |
| A DELINQUENT CHILD. | ) | |


CHARACTER OF PROCEEDINGS: Civil Appeal from Common Pleas Court, Juvenile Division, Case No. 05-DL-216.

JUDGMENT: Reversed and Remanded.


APPEARANCES:
For Appellee: Attorney Jane Hanlin
Prosecuting Attorney
Attorney Samuel Pate
Assistant Prosecuting Attorney
16001 State Route 7
Steubenville, Ohio 43952

For Appellant: Attorney Timothy Young
Ohio State Public Defender
Attorney Amanda Powell
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro


Dated: June 18, 2012

VUKOVICH, J.

{¶1} J.P. appeals the decision of Jefferson County Common Pleas Court classifying him as a Tier III juvenile sex offender registrant, subject to community notification under Senate Bill 10. J.P. argues that the retroactive application of Senate Bill 10 to the crimes he committed prior to its implementation violates the Ex Post Facto Clause of the United State Constitution and the Retroactivity Clause of Section 28, Article II of the Ohio Constitution. As conceded by the state pursuant to the holding of the Ohio Supreme Court in *State v. Williams,* his argument has merit. 129 Ohio St.3d 344, 952 N.E.2d 1108, 2011-Ohio-3374. The Tier III classification is reversed, the cause is remanded to the trial court for resentencing under the law that was in effect at the time J.P. committed the offense.

STATEMENT OF THE CASE

{¶2} In October 2005 a complaint was issued against J.P. for raping a five year old girl on October 16, 2005. At the time of the offense he was 14 years old. This instance of sexual conduct occurred after J.P. was already in the juvenile system for forcing a mentally handicapped female to perform oral sex on him. That incident allegedly occurred when J.P. was 13 years old.

{¶3} The two cases were consolidated and a plea agreement was reached where J.P. admitted to two counts of rape. 03/10/06 J.E. He was adjudicated a delinquent child and committed to the legal custody of the Ohio Department of Youth Services for at least one year. 03/10/06 J.E. At that point, a sex offender classification hearing was not held.

{¶4} In 2010, DYS determined that he was ready for release. A sexual offender classification hearing was set for October 26, 2010. The day before the hearing, J.P. filed a Motion to Contest Classification arguing in addition to other arguments that retroactive application of Senate Bill 10 is unconstitutional. Senate Bill 10 did not become effective until January 1, 2008, which was about a year and a half to two years after J.P. committed the rapes.

**{¶5}** The trial court overruled the motion and following the hearing classified J.P. as a Tier III juvenile sex offender registrant. J.P. timely appeals the classification.

<u>FIRST ASSIGNMENT OF ERROR</u>

**{¶6}** "THE RETROACTIVE APPLICATION OF SENATE BILL 10 TO [J.P.] VIOLATES THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION AND THE RETROACTIVITY CLAUSE OF SECTION 28, ARTICLE II OF THE OHIO CONSTITUTION."

**{¶7}** In *Williams*, the Ohio Supreme Court was asked to decide whether Senate Bill 10 was unconstitutionally retroactive when it was applied to an offender who committed a sex crime about one month prior to the January 1, 2008 enactment date of Senate Bill 10, aka Adam Walsh Act. *Williams,* 129 Ohio St.3d 344, 952 N.E.2d 1108, 2011–Ohio–3374. In response to that question, the Ohio Supreme Court held that Senate Bill 10 is punitive in nature. *Id.* at ¶ 15. It held that while its previous decisions had determined that R.C. Chapter 2950 was remedial in nature, the "statutory scheme has changed dramatically." *Id.* Senate Bill 10 has imposed new or additional burdens, duties, obligations, or liabilities as to a past transaction. *Id.* at ¶ 21. Thus, since the new statutes are punitive in nature, the Court held that applying Senate Bill 10 to any sex offender who committed an offense prior to its enactment violates Section 28, Article II of the Ohio Constitution, the prohibition against the enactment of retroactive laws. *Id.*

**{¶8}** J.P. committed the rapes in 2006, prior to the January 1, 2008 enactment date of Senate Bill 10. Accordingly, Senate Bill 10 cannot retroactively be applied to him. At the time of the commission of the sex crime Senate Bill 5, Megan's Law, was applicable. Accordingly, J.P. must be classified under Senate Bill 5, not Senate Bill 10.

**{¶9}** Therefore, the Tier III classification must be reversed and the cause remanded for further proceedings. In *Williams,* the court remanded the matter for an offender classification hearing under Senate Bill 5, the law applicable at the time of the commission of the offense. *Id.* at ¶ 23. Therefore, upon remand Meagan's Law

(Senate Bill 5), which was the applicable law at the time of the commission of the offenses, must be applied to J.P. This would include prior versions of R.C. 2152.82, 2152.83 and 2950.09, if applicable. This assignment of error has merit.

## SECOND AND THIRD ASSIGNMENT OF ERROR

**{¶10}** "THE TRIAL COURT ERRED WHEN IT APPLIED R.C. 2152.83 TO [J.P.], AS IT VIOLATES HIS RIGHT TO EQUAL PROTECTION UNDER THE LAW. FOURTEENTH AMENDMENT OT THE UNITED STATES CONSTITUTION; ARTICLE I, SECTION 2 OF THE OHIO CONSTITUTION."

**{¶11}** "THE TRIAL COURT ERRED WHEN IT ORDERED [J.P.] TO BE SUBJECT TO COMMUNITY NOTIFICATION. R.C. 2152.82(B); R.C. 2950.11(F)(2)."

**{¶12}** The second and third assignments of error address the application of Senate Bill 10 to J.P. Due to our resolution of the first assignment of error that J.P. cannot be classified under Senate Bill 10, these arguments are moot.

## CONCLUSION

**{¶13}** For the foregoing reasons, the first assignment of error has merit. Due to the Ohio Supreme Court's decision in *Williams*, J.P.'s classification under Senate Bill 10 is reversed and the cause is remanded for reclassification under the law that was in effect at the time of the commission of the offense.

Donofrio, J., concurs.
DeGenaro, J., concurs.