[Cite as *State v. Schulze*, 2016-Ohio-470.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150272 |
| | | TRIAL NO. B-1405512 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| ZACHARY SCHULZE, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  February 10, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Raymond T. Faller*, Hamilton County Public Defender, and *Marguerite Slagle*, Assistant Public Defender*,* for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

Per Curiam.

{¶1}   Plaintiff-appellant Zachary Schulze has appealed his conviction for attempted failure to notify of an address change.  Because we hold, under Ohio Supreme Court precedent, that there is no valid order in place requiring Schulze to register as a sex offender, we must reverse Schulze's conviction.

### Facts and Procedure

{¶2}   In December 2002, Schulze, who was then 14 years old, was adjudicated delinquent for committing an act that, had it been committed by an adult, would have constituted gross sexual imposition.  He was classified under Megan's Law as a juvenile-offender registrant, but not a predator or habitual sexual offender.  An end-of-disposition hearing was scheduled for April 23, 2008.  Schulze was classified as a Tier II juvenile-offender registrant under the Adam Walsh Act ("AWA").

{¶3}   On October 2, 2014, Schulze, now an adult, was indicted for failing to notify of an address change as a third-degree felony.  He filed a motion to dismiss the indictment, which the trial court overruled.  He then pleaded guilty to attempted failure to notify of an address change as a fifth-degree felony.  He was found guilty and sentenced as appears of record.  Schulze has timely appealed.

### Analysis

{¶4}   Schulze's sole assignment of error alleges that the trial court erred in overruling his motion to dismiss the indictment.  The question is whether there was a valid order in place requiring Schulze to register as a sex offender.

{¶5}   Under Ohio Supreme Court precedent and prior case law from this court and other Ohio appellate courts, the end-of-disposition order classifying Schulze as a Tier II offender under the AWA is void. *See State v. Williams*, 129 Ohio

St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108 (applying the AWA to sex offenders who committed their sex offenses prior to its enactment violates the Ohio Constitution, Article IV, Section 28, which prohibits the General Assembly from enacting retroactive laws); *In re E.S.*, 1st Dist. Hamilton Nos. C-110163 and C-110490, 2012-Ohio-1363, *aff'd*, 135 Ohio St.3d 135, 2012-Ohio-5911, 984 N.E.2d 1056 (juvenile court erred in holding end-of-disposition hearing and classifying the juvenile under the AWA where the juvenile had committed his sex offense prior to the enactment of the AWA and initially had been classified under Megan's Law); *In re C.W.*, 2013-Ohio-2483, 991 N.E.2d 1167 (4th Dist.) (where the juvenile had committed his sex offense prior to the enactment of the AWA the juvenile court's order classifying the juvenile under the AWA was void, because it violated the Ohio Constitution's prohibition against retroactive laws). Therefore, Schulze cannot be required to register under it.

### A. The Effect of the Void End-of-Classification Order

{¶6} The state argues that even though Schulze's classification under the AWA was void, he was still required to register pursuant to the initial order classifying him under Megan's Law because that order was revived or still in effect once the end-of-disposition order was entered without jurisdiction.

{¶7} Because Schulze was 14 when he committed his sex offense, he was initially classified under former R.C. 2152.83(B). Former R.C. 2152.83(D) required the juvenile court to include in the classification order a statement that upon completion of the disposition for the sex offense, a hearing would be held pursuant to former R.C. 2152.84, at which the classification order was subject to modification or termination. Former R.C. 2152.84(A)(1) provided that when the juvenile court classified the juvenile under former R.C. 2152.83, "upon completion of the disposition of that child made for the sexually oriented offense on which the juvenile

3

sex offender registrant order was based, the judge * * * shall conduct a hearing to review the effectiveness of the disposition * * * and to determine whether the prior classification * * * should be continued, modified or terminated * * *."

{¶8} The end-of-disposition hearing under former R.C. 2152.84 was statutorily mandatory. The original classification order was entered subject to modification or termination after the former-R.C. 2152.84 hearing. *See* former R.C. 2152.83(F). The juvenile was entitled to have an end-of-disposition hearing to determine his classification going forward. *See* former R.C. 2152.84. Every juvenile classified after a former-R.C. 2152.83(B)(2) hearing was to receive a hearing at the end of his or her disposition to determine if the classification continued to be appropriate. In order to complete the process of classifying a juvenile as a sex-offender registrant, the juvenile court was required to hold an end-of-disposition hearing. *See id.*

{¶9} That hearing, however, as a matter of law, had to be held under Megan's Law for the order to be valid. In *In re E.S.*, 1st Dist. Hamilton Nos. C-110163 and C-110490, 2012-Ohio-1363, we held that where the juvenile court had initially properly classified E.S. under Megan's Law, but had improperly held the end-of-disposition hearing under the AWA, the remedy was to reverse the AWA classification and remand the cause for a new end-of-disposition hearing under Megan's Law. *E.S.* at ¶ 8. We did not hold that the initial classification under Megan's Law was revived or still in effect. *See Williams* at ¶ 22 (where the offender was unconstitutionally classified under the AWA, the classification was reversed and the cause was remanded for a classification hearing under Megan's Law, the law applicable at the time the offender had committed the sex offense); *In re J.P.*, 7th Dist. Jefferson No. 10 JE 23, 2012-Ohio-3343, ¶ 8-9 (where the juvenile was unconstitutionally classified under the AWA the classification was reversed and the

4

cause was remanded for a classification hearing under Megan's Law, the law applicable at the time the juvenile had committed the sex offense).  We have found no case law, and the state has not cited any, holding that the initial order was automatically revived.

{¶10}  Schulze was entitled to an end-of-disposition hearing under Megan's Law.  His end-of-disposition hearing was held and Schulze was classified under the AWA.  That AWA classification order was void, and the juvenile court never properly completed the required process for classifying Schulze as a juvenile-offender registrant under Megan's Law.  Therefore, under these facts, there is no valid order in place requiring Schulze to register as a sex offender.

### B.  The Initial Classification Order

{¶11}  Schulze also argues that the initial order classifying him as a juvenile-offender registrant under Megan's Law was invalid because (1) the magistrate's decision classifying Schulze was not properly filed with the clerk of courts and (2) the judge's approval of the magistrate's decision classifying Schulze was "not recorded on the docket contained in the juvenile case management system."  We need not address whether the initial order was valid.  We have held that that order was not revived or still in effect, and Schulze cannot be required to register under it.  Whether it was invalid on some other basis is moot.

### Conclusion

{¶12}  We sustain the assignment of error.  The judgment of the trial court convicting Schulze of attempted failure to notify of an address change is reversed, and this cause is remanded with instructions to the trial court to dismiss the indictment.

Judgment reversed and cause remanded.

**FISCHER, P.J., MOCK** and **STAUTBERG, JJ.**

5

Please note:

The court has recorded its own entry this date.

